ERNEST FARR v. BABCOCK LUMBER COMPANY.

(Filed 21 December, 1921.)

1. Appeal and Error—Fragmentary Appeal—Dismissal.

An appeal from an order dismissing the action as to one cause set forth in the complaint, and retaining it as to other causes therein alleged, is fragmentary, and will be dismissed.

2. Courts — Jurisdiction — Negligence — Foreign Defendants—Lex Loci Contractus.

An employee of a foreign lumber manufacturing company was injured while engaged in the scope of his duties at one of its plants operated here, and it was properly made to appear that his services had been engaged by the defendant at its home office. The defendant contended that our courts were without jurisdiction, and that its liability depended upon a

FARR *v.* LUMBER CO.

workman's compensation act of the state of its home office: *Held*, upon
the record, as now appears, there was no error in the Superior Court
retaining the second, third, and fourth causes of action, relating respec-
tively to the contractual duty of the defendant to provide and keep a
physician at the camp where the plaintiff was injured, and its neglect to
furnish him transportation to his home, as elements of damage.

WALKER, J., concurs only in dismissal of appeal.

APPEAL by defendant from *Harding, J.,* at the Spring Term, 1921,
of GRAHAM.

The plaintiff is a resident of Graham County, and the defendant is a
foreign corporation, engaged in the manufacture of lumber, with plants
in Tennessee. The defendant owned timber lands in Graham County
and operated a railroad for hauling logs from Graham to its plants.
The defendant had camps, a hospital, and an office in Graham County.
The plaintiff, an employee of the defendant, was injured while in the
prosecution of the work assigned him. The complaint states four causes
of action: (1) Defendant's failure to provide for plaintiff a safe place
in which to work; (2) defendant's failure to keep a physician at the
camp to attend plaintiff after he was injured; (3) defendant's employ-
ment of an incompetent physician; (4) defendant's negligent failure to
provide plaintiff transportation to his home from the junction on the
road of defendant and Knoxville Power Company. Plaintiff alleged
that defendant had undertaken to provide for the plaintiff and other
employees a competent physician and surgeon when needed, and made a
monthly charge or assessment, which was deducted from the employees'
wages.

The defendant denied the plaintiff's material allegations and alleged
that the contract of employment was made in Tennessee and subject to
the provisions of the Workmen's Compensation Act, passed by the Gen-
eral Assembly of Tennessee on 15 April, 1919, and made effective from
1 July, 1919.

The defendant contended that upon the face of the pleadings—it
having been agreed that the contract of employment had been made in
Tennessee—the court had no jurisdiction. The court sustained the
motion as to the first cause of action, and overruled it as to the second,
third, and fourth. Upon the intimation of the court, the plaintiff sub-
mitted to a nonsuit as to the first cause, and did not appeal. The court
further adjudged that the trial should proceed upon the second, third,
and fourth causes. The defendant excepted and appealed.

*R. L. Phillips and T. M. Jenkins for plaintiff.*
*Merrimon, Adams & Johnston for defendant.*

ROANE *v.* McCOY.

ADAMS, J.   His Honor held that the court had no jurisdiction of the first cause of action, and retained the second, third, and fourth causes for trial by jury.   The defendant. thereupon excepted and appealed. The order appealed from was not final, or of such character as to deprive the defendant of any substantial right, and for this reason the appeal was premature.   The defendant can preserve its exception until a final judgment is rendered.   In numerous cases this Court has held that a premature or fragmentary appeal will not be considered.   *Hailey v. Gray,* 93 N. C., 196; *Lane v. Richardson,* 101 N. C., 182; *Mfg. Co. v. Buxton,* 105 N. C., 74; *Emry v. Parker,* 111 N. C., 261; *R. R. v. King,* 125 N. C., 454.

We are requested, however, to review so much of the judgment as retains for trial the second, third, and fourth causes of action.   As now advised, especially in the absence of an opposing interpretation by the Supreme Court of Tennessee, we are of opinion that the sections of the Workmen's Compensation Act cited and relied on by the defendant do not purport to interfere with the jurisdiction of the Superior Court of Graham as to the second, third, and fourth causes of action stated in the complaint, and that there was no error in his Honor's order that these causes be retained for trial.

Appeal dismissed.

WALKER, J., concurs only in dismissal of appeal.