This was a civil action to recover damages, brought by plaintiff against defendant, for alleged negligence that resulted in permanent injury to plaintiff.
The material allegations upon which the complaint is founded, answer of defendant, facts and assignments of error, will be considered in the opinion. From a judgment in favor of plaintiff, defendant appealed to the Supreme Court.
The plaintiff's allegation of negligence in the amended complaint was that plaintiff, on 4 October, 1922, while in the employ of defendant, at Erwin, Tennessee, was permanently injured. "That it was the duty of the defendant (in the exercise of ordinary or reasonable care) to furnish the plaintiff and other employees working with him a reasonably safe place in which to perform the duties required of him and them in their labor, and to furnish a sufficient number of competent men to safely do said work. . . . That by the wrongful, careless and negligent acts on the part of defendant in not furnishing sufficient men to perform the labor aforesaid, and in furnishing an inexperienced and incompetent man to assist in doing said heavy work, and on account of the carelessness and negligence of said inexperienced and incompetent colaborer or fellow-servant of the plaintiff who was assisting him in doing said work in the manner hereinbefore alleged by and under the directions and command of the defendant, the plaintiff has been permanently injured and incapacitated for doing any work," etc.
Plaintiff set forth two causes of action: (1) Defendant was engaged in intrastate commerce at the time of the alleged injury; (2) Interstate commerce. It is conceded on both sides that the plaintiff was not employed at the time of the injury in interstate commerce.
The defendant denied that it was engaged in interstate commerce and alleges that it was engaged in intrastate commerce and sets up the defenses: "That at the time of the injury complained of, the defendant was engaged in intrastate commerce, entirely within the State of Tennessee, and the plaintiff was employed by the defendant in said intrastate commerce, and any action which plaintiff has against the defendant is governed by the acts of the Tennessee Legislature of 1919, chap. 123, and amendments thereof, known as the Tennessee Workman's *Page 77 
Compensation Act, which defendant here pleads and relies upon. . . . And that plaintiff's action should have been brought before the Tennessee tribunal provided for in said act, and that this Court has no jurisdiction in this action. And if plaintiff has any cause of action against the defendant, which defendant denies, his said action is governed exclusively by said Tennessee Workman's Compensation Act. That, as defendant is informed and believes, the injury complained of was caused or directly contributed to by the negligence and want of care on the part of the plaintiff, who was in charge of, and directing, the work on said car at the time said injury is alleged to have been received or by the negligence or want of care on the part of the fellow-servant; and defendant pleads said negligence of plaintiff and his fellow-servant in bar of any recovery herein. And especially pleads that under the law of Tennessee contributory negligence and negligence of a fellow-servant are bars to recovery in a common-law action and pleads and relies upon said law. . . . That the plaintiff failed to give to the defendant written notice of the injury within thirty days after the occurrence of the accident, and the plaintiff failed to file with the tribunal having jurisdiction to hear and determine the matter, a claim for compensation under the provisions of the act of the Tennessee Legislature of 1919, chap. 123, and amendments thereof, within one year after said accident, and failed to commence this action within one year after the alleged injury as required by the statute of limitations of the State of Tennessee, and the defendant especially pleads said failure and neglect on the part of the plaintiff as a bar to his right to recover in this action. That the plaintiff by accepting employment, accepted the provisions of said statute and is bound thereby in this action."
Summons in the action was issued 6 January, 1923, and served on defendant 8 January, 1923. Original complaint was filed 29 January, 1923. At July Term, 1924, plaintiff, over objection of defendant, was allowed to amend his complaint which was filed 12 September, 1924.
Plaintiff's evidence showed that he was and had been a resident of Avery County, North Carolina, for about 40 years. He was 52 years old. The contract was made in Erwin, Tennessee. Henry Davis came to see him and in consequence of what he said, plaintiff went to Erwin, Tennessee. He was a carpenter and was put to work on the repair yard. He did the woodwork on freight cars. He commenced work for defendant on 6 September, 1922, and was injured 4 October, 1922. Did general repair work on the cars.
Plaintiff, testified, in part: "Before starting at this work, I had spoken to the foreman about it. I had asked him to furnish some more hands. He went to start away when he gave us these instructions, and I called to him and said, `Mr. Broyles, can't you give us two more men; *Page 78 
we have only two men and two of our men are gone, and this is pretty hard work and unhandy work.' And he just dropped his head for a moment and said, `Well, do the best you can, boys.' This is the first work of that kind I had done and three men had been working with us up to the present. The three men included myself. We commenced with four and the four only worked a few days, and they cut one off. When I told Mr. Broyles we needed more men, there was just Mr. Woody and myself, and we went ahead with the work the best we could. I was down under this car on the ground and Mr. Woody was up on the car, and there was a bench there and he had to get up on this bench, up high to let this rod down through the top plate. We had jacked the car. The jack worked by lever. The size of the piece of timber that we had from the roof of the car down to the top of the jack was four by six, yellow pine, perfectly square on each end, and somewhere from four to five feet long. The base of a twenty top jack is about twenty inches. The top of this ratchet had a foot on it. I suppose would set up something like six inches up above the top of the jack, and then it would run up something like the length of the jack. That would bring the bottom end of the piece of timber up something like 3 1/2 to 4 feet up above the floor of the car. I was on the ground. It was about five feet from the floor of the car down to the ground — down to the top of the track. I had gotten down to take this rod, and Mr. Woody let the rod down, and so we needed a hand. He could not attend to both jobs at one time. I had taken this iron rod and placed it down through the sill, and had stopped down to start a nut in the road, and as I went to start this nut, I looked and discovered that Mr. Woody had his hand on the lever of that jack. I took my eyes from him and started this nut on the road and I don't remember if I had got the nut started on the rod or not, but not more than two seconds from the time I took my eyes off of him, this timber all of a sudden struck me on the top of the head," etc. It was further alleged in the complaint that only one man was furnished to assist in doing the heavy work. "The said young man, so furnished being young, inexperienced and incompetent to assist in doing said work." The evidence showed that Eli Woody, the young man, was about 20 years of age.
The following appears of record: "After the jury had been empaneled and the pleadings read, the court inquired of counsel for plaintiff and defendant as to their contentions in regard to the law under which this case should be tried. Counsel for plaintiff contended that the common law applied or that the case should be tried under the Federal Employers' Liability Act. Counsel for defendant contended that the common law did not apply and that the Federal Employers' Liability Act did not apply, but that this cause, if tried at all under any act, should be *Page 79 
tried under the Tennessee Compensation Act, and further contended that if tried under that act that it appears upon the pleadings as now read before the court that the plaintiff's cause of action was barred by the statute of limitations and could not be tried at all in this court for that reason. And for the further reason that the cause of action set up in the complaint is not under the Tennessee Compensation Act, and is set up only in the answer filed by the defendants as therein shown. The court, after hearing argument as to plaintiff's and defendant's contentions in regard to the theory under which this cause should be tried, reserved its ruling until the plaintiff rested." The cause was tried under the Tennessee Compensation Act.
Plaintiff, in apt time, tendered the following issue: "What damages, if any, is plaintiff entitled to recover of the defendant by reason of the negligence of the defendant, as alleged?"
The action brought by plaintiff was a common-law action for negligence. Our statute on the subject is C.S., 970, which is as follows: "All such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State and the form of government therein established, and which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete, are hereby declared to be in full force within this State."
Under a liberal construction of defendant's answer, the plea of contributory negligence is set up, on the common-law action of plaintiff for negligence. C.S., 523, is as follows: "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial."
In Hairston v. Cotton Mills, 188 N.C. p. 559, Hoke, C.J., speaking to the subject, says: "Our decisions on the subject being to the effect that where the negligence of an employer and a fellow-servant concur in producing an injury, an action lies, the claimant himself being free from blame. Harmon v. Contracting Co., 159 N.C. p. 28; Wade v. ContractingCo., 149 N.C. p. 177." Wooten v. Holleman, 171 N.C. p. 461.
Justice Walker, in Pigford v. R. R., 160 N.C. p. 99, said: "The defendant contended that when the plaintiff's request for more help was refused, and he was directed to go on with the work and do the best he could without it, he should have quit the service and not have exposed himself to the danger which resulted in his injury. This would be a harsh rule to apply in such a case. There are many reasons, some humane, why it should not prevail. The master should be fair and just *Page 80 
to his servant. It is best for both that he should be so. The latter is entitled to fair treatment, just compensation, proper facilities for doing his work and reasonable care and protection while engaged in it. The servant is not required to retire from the service or to refuse to go on with his work, unless, as we have said, the danger is obvious, or he knows and appreciates it. He may know of the risk without fully appreciating the danger. Whether such a situation was presented to him at the time of the injury is a question for the jury, to be decided generally upon the rule of the prudent man." Brown v. Foundry Co., 170 N.C. 38; Crisp v. ThreadMills, 189 N.C. 89; Bradford v. English, 190 N.C. 742.
In 18 R. C. L., p. 722, it is said: "The employer's obligation to his employees with regard to the selection of competent coemployees is substantially the same as his duty in respect of the tools, machines and appliances with which the work is performed. He is bound to see that those admitted to and retained in his service are fitted for the duties imposed upon them, the measure of responsibility being the exercise of ordinary or reasonable care."
"On a motion to nonsuit, the evidence is to be taken in the light most favorable to plaintiff, and he is entitled to every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom."Lindsey v. Lumber Co., 189 N.C. 118, and cases cited; Barnes v. UtilityCo., 190 N.C. 382; Fleming v. Holleman, 190 N.C. 452.
We think from the evidence of plaintiff there was sufficient evidence to be submitted to the jury as to right of plaintiff to recover at common law for negligence. The probative force is for the jury.
The defendant sets up as a defense to the action that defendant was engaged in intrastate commerce. The injury occurred in the State of Tennessee, and the action was governed by the Tennessee Workman's Compensation Act. That defendant company accepted the provisions of the act when the law went into effect and has continued under the act ever since.
Plaintiff admits that he signed the contract of employment with defendant at Erwin, Tennessee. It is contended by defendant, and set up in the answer, that plaintiff failed under the Tennessee Workman's Compensation Act to give to the defendant (1) written notice of the injury within 30 days after the occurrence of the accident; (2) to file with the tribunal having jurisdiction to hear and determine the claim for compensation under the act within one year after the accident; (3) failed to commence his action within one year after the alleged injury. This is plead in bar of recovery. Defendant cites Graham v. J. W. Wells Brick Co. (13 December, 1924), 150 Tenn. 660. The Court holds *Page 81 
that the "petitioner was bound to make application for compensation for his injury within one year from the date of the accident," etc. The headnote is: "Petitioner's right to compensation for total loss of eye, resulting from accident which immediately and consciously impaired his vision, which was compensable under Workman's Compensation Act, section 28c, subject to increase under section 38, held barred under sections 24, 31, construed in harmony with section 47, where petitioner did not apply for compensation within one year from occurrence of accident; `injury,' as used in section 31, being synonymous with `accident," as used in section 24."
The court below tried the case out on the theory that the Tennessee Workman's Compensation Act applied, and submitted 8 issues. The court charged the jury as follows:
"The first issue is: `Did the plaintiff enter into a contract of employment with the defendant in the State of Tennessee, and was he injured in said State?' That has been answered by consent `Yes,' that is, he entered into the contract, and while carrying out the contract, he was injured in Tennessee.
"The second issue is: `Did the plaintiff give written notice within thirty days after he received his injury, as required by the provisions of the Workman's Compensation Act of Tennessee?' This second issue has been answered by consent, `No' — so you need not bother yourselves about this issue.
"The third issue, is: `Did the plaintiff file a claim for compensation under the provisions of said act with the tribunal having jurisdiction to hear and determine the matter within one year after the accident resulting in the injury?' By consent this third issue has been answered `No,' except the issuing of the summons and filing of this case as set out in the record, so you need not bother yourselves about this third issue.
"The fourth issue is: `Was the plaintiff injured by an accident arising out of and in the course of his employment?' By consent, this issue has been answered `Yes.'
"The fifth issue is: `Is the plaintiff's cause of action barred by the statute of limitations?'
"The summons has been issued in this court in less than a year after the time of the injury — evidence tending to show that the plaintiff was injured on 4 October, the summons was issued on 30 December, 1922 (6 January, 1923), a little less than three months, and that is the date of the summons in this action. The court charges you, gentlemen of the jury, if you should find by the greater weight of the evidence that the plaintiff was injured, that is, the injury upon which this cause of action is based, on 4 October, 1922, and that the summons was issued 30 *Page 82 
December, 1922 (6 January, 1923), if you find that to be true, by the greater weight of the evidence, then the court charges you that the plaintiff's cause of action is not barred by the statute of limitations, and it will be your duty to answer the fifth issue `No.'
"The sixth issue — `Did the plaintiff commence his action or proceeding to determine or recover compensation within one year after the occurrence of the injury?' This action having been commenced when the summons was issued, and the summons having been offered in evidence, tending to show that it was issued on 30 December, 1922 (6 January, 1923), and evidence tending to show that he was injured on 4 October, 1922 — the court charges you, if you find from the greater weight of the evidence tending to show those facts, that he was injured on 4 October, 1922, by the greater weight of the evidence, and find that the summons was issued on 30 December, 1922 (6 January, 1923), if you find that to be true by the greater weight of the evidence, then the plaintiff commenced his action within one year after the occurrence of the injury, and it will be your duty to answer the sixth issue `Yes.'"
The seventh issue is: "What damages, if any, is the plaintiff entitled to recover of defendant?" The charge was full and explicit, but the ascertainment of damage was left to the jury to be determined under the Tennessee Workman's Compensation Act. Under this law the jury found for plaintiff and answered: `$4,300.'"
We are of the opinion that the suit should have been tried under the common law as now administered in the courts of this State in an action of this kind — actionable negligence for an injury that resulted in damage. The verdict as rendered is not sufficient to support a judgment for damages based on the common-law action for negligence. The law is woefully in conflict in relation to extra-territorial jurisdiction of the Workman's Compensation acts. The plaintiff, under the facts in the present case, never submitted his claim of compensation to the jurisdiction of Tennessee, under the Tennessee Workman's Compensation Act, other than making the contract in Tennessee. He was a resident of North Carolina and was induced to go to Tennessee to work in an emergency for defendant. He was injured shortly after he began to work and after the injury immediately returned to his home in this State and in a few months instituted this action, based on a common-law right. The defendant set up the Tennessee Workman's Compensation Act and contended that it was jurisdictional — and then plead the sections of the Tennessee Workman's Compensation Act that defendant contended would bar plaintiff's recovery. Defendant further contended that the plaintiff, by accepting employment without electing not to be bound by giving notice in accordance with the act became bound by the provisions of the Tennessee act and cannot maintain this action. The contentions of *Page 83 
defendant, under the facts and circumstances of this case, cannot be upheld. When an action is brought in one State to recover for a personal injury sustained in another State, the law of the latter ordinarily governs as to the rights of the litigant and the former as to the remedy. Ledfordv. Tel. Co., 179 N.C. p. 63. So far the public policy of this State has never expressed itself by legislative enactment of a Workman's Compensation Act.
There has been much conflict in the decisions of the different states and no marked uniformity; consequently, the decisions of one state have had very little controlling influence on another state. This State has never adopted a Workman's Compensation Act, and there is no provision in this State for the enforcement of a Workman's Compensation Act similar to that in Tennessee. The contention of defendant is that by the very language of the Tennessee act it can only be enforced in that State — exclusive remedy. That being so, Tennessee is the lex loci contractus and the lexfori — there can be no comity. Black's Law Dic. (2 ed.), p. 219, citing numerous cases, speaking to the subject of Judicial Comity, says: "The principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect."
To hold that a citizen of this State, under such circumstances, had no remedy, except that provided by the Tennessee Compensation Act in force in the state in which he was injured, having been induced to go there to work in an emergency, would be a denial of any remedy in the courts of this State. This Court cannot so hold.
We have held in Farr v. Lumber Co., 182 N.C. p. 725, that where the contract of employment was made in Tennessee and the employee was injured while working in North Carolina, the Tennessee Compensation Act did not interfere with the jurisdiction of the Superior Court in North Carolina, where the injury occurred, to entertain actions for the employer's failure to keep a physician at the camp to attend the employee after he was injured, or for its employment of an incompetent physician, or for its negligent failure to provide the employee transportation to his home. 18 A.L.R., 294. For contrariety of decisions on Workman's Compensation acts, see annotations — State ex rel Chambers v. District Court, 3 A.L.R., 1351; see annotations — Kennerson v. Thames Towboat Co., 59 A.L.R., 443.
For the reasons given, there must be a
New trial. *Page 84