FRANK LEE, by His Next Friend, T. M. LEE, v. CHEMICAL
CONSTRUCTION COMPANY.

(Filed 27 January, 1931.)

**Judgments L c—Plaintiff held not barred by compensation act of another state from bringing action for damages in this State.**

The existence of a workmen's compensation act in another state where a citizen of North Carolina has been injured while engaged there, does not exclude him from maintaining in the courts of this State an action

for damages for the personal injury resulting from his employer's action-able negligence, it appearing that the cause was never finally adjudicated in the other state.

CIVIL ACTION, before *Harwood, Special Judge,* at May Term, 1930, of CLAY.

The plaintiff, an emancipated minor, lived in Clay County, and in April, 1929, was employed by the defendant at Isabella in the State of Tennessee. On or about 3 May, 1929, the plaintiff was injured, and he offered evidence tending to show that his injury was caused by the negligence of defendant. The State of Tennessee had enacted a statute known as the Workmen's Compensation Law, and this statute was in full force and effect at the time of the injury. The Tennessee statute provided that every employer and every employee were presumed to have accepted the provisions of the act, and that whenever a payment was made to a person eighteen years of age or over, the written receipt of such person "shall acquit the employer."

The plaintiff could not read or write, and on 22 May, 1929, made his mark to what purports to be a petition and settlement directed to "the court for approval· of the following final settlement, and agree and represent to the court as follows," etc. Upon executing the instrument the plaintiff received from the agent of the defendant $6.42 in full settlement of his injuries. The paper-writing was never referred to any court or compensation board or any other legal authority, and, therefore, was never approved. Thereafter, the plaintiff returned to his home in Clay County and instituted a common-law action for damages in the Superior Court of Clay County on 4 July, 1929.

The following· issues were submitted to the jury:

1. "Was the plaintiff injured by the negligence of the defendant as alleged in the complaint?"

2. "Did the plaintiff sign the paper-writing or release, as alleged in the answer?"

3. "If so, was the execution of the paper-writing or release obtained by fraud and misrepresentation?"

4. "If so, was the plaintiff a minor at the time of the execution of said paper-writing or release?"

5. "What damage, if any, is the plaintiff entitled to recover?"

The jury answered the first issue "Yes"; the second issue "Yes"; the third issue "Yes"; the fourth issue "Yes"; and the fifth issue "$1,000."

From judgment upon the verdict the defendant appealed.

*Moody & Moody, J. B. Gray and D. Witherspoon for plaintiff.*
*A. Hall Johnston for defendant.*

BROGDEN, J.  Was the plaintiff precluded by the Compensation Act of Tennessee from instituting and maintaining an action for damages in the courts of North Carolina?

In *Johnson v. R. R.,* 191 N. C., 75, 131 S. E., 390, this Court held that the Compensation Act of Tennessee did not exclude a citizen of this State from maintaining in our courts an action for damages for personal injury resulting from actionable negligence.  The Court said: "To hold that a citizen of this State, under such circumstances, had no remedy, except that provided by the Tennessee Compensation Act in force in the State in which he was injured, having been induced to go there to work in an emergency, would be a denial of any remedy in the courts of this State.  This Court cannot so hold."

The record discloses that the jurisdiction of the Compensation Board in Tennessee was never invoked by the plaintiff, nor was his claim presented to any sort of court or judicial tribunal.  There was a blank order approving the final settlement, but such order was never signed.  Hence the paper-writing signed by the plaintiff was no more than a release. Evidence was offered at the trial tending to show that the purported release was secured by means of fraud, and the jury so found.  Therefore, we hold that the trial judge ruled correctly when he held that the Compensation Act of Tennessee did not apply.

No error.