THEODORE S. MEEKINS v. COASTAL GAME PRESERVES, CAROLINA DEVELOPMENT COMPANY, LOUVAL REALTY COMPANY, INC., HAROLD C. LEWIS, AND ALBERT A. LEWIS.

(Filed 22 September, 1937.)

**1. Pleadings § 21—**

Upon appeal from the clerk's order denying a motion to vacate plaintiff's attachment, the Superior Court, in denying defendants' motion, has ample power to allow plaintiff to amend the complaint and affidavits.

**2. Appeal and Error § 2—**

An appeal from an order denying defendants' motion to vacate an attachment is premature where the trial court allows plaintiff to amend his complaint and affidavits, since what amendments, if any, will be made and their effect upon defendants' motion cannot be determined.

APPEAL from an order of *Williams, J.*, at May Term, 1937, of DARE. Remanded.

Action by plaintiff creditor to set aside certain alleged fraudulent conveyances executed by and between the defendants, who are nonresidents. At the time of issuance of summons, attachment was issued and levied by the sheriff on the interests of the defendants in described lands. Service of summons and warrant of attachment was had by publication. Defendants entered special appearance and moved to vacate the attachment. This was denied by the clerk and upon appeal the judge of the Superior Court made an order that the motion be denied and that the plaintiff be allowed thirty days within which to file amendment to complaint and affidavits.

From this order defendants appealed to the Supreme Court.

*M. B. Simpson and John H. Hall for plaintiff, appellee.*
*Worth & Horner for defendants, appellants.*

PER CURIAM. The order appealed from granted the plaintiff thirty days within which to amend the complaint and affidavits upon which the attachment was based. The power of the court to permit amendments of pleadings and process is ample (*Rushing v. Ashcraft*, 211 N. C., 627). Hence, the appeal before the time within which amendments were permitted to be filed was premature. What amendments, if any, will be made and their effect upon defendants' motion cannot now be properly determined. The cause is remanded to the Superior Court for further proceedings, the defendants' exception being preserved. *Thomas v. Carteret County*, 180 N. C., 109; *Farr v. Lumber Co.*, 182 N. C., 725.

Remanded.