GEORGE A. REAVES, EMPLOYEE, v. EARLE-CHESTERFIELD MILL COMPANY, EMPLOYER, AND MARYLAND CASUALTY COMPANY, CARRIER.

(Filed 8 November, 1939.)

1. Master and Servant §§ 39c, 46a—Jurisdiction of Industrial Commission over injuries sustained by employee while out of this State.

In order to give the North Carolina Industrial Commission jurisdiction of the rights of the parties arising out of an injury received by the employee while out of the State, it must appear that the contract of employment was made in this State, that the employee's place of business is in this State, and that the residence of the employee is in this State, and the concurrence of all three facts is prerequisite to its jurisdiction of such injury.

**2. Master and Servant § 46a—**

The North Carolina Industrial Commission is an administrative board with *quasi*-judicial functions, and its jurisdiction is limited to that prescribed by the statute.

**3. Constitutional Law § 13—**

The provision of the North Carolina Compensation Act excluding from its coverage nonresident employees involves no unconstitutional discrimination, the inadvisability of attempting to give the act extra-territorial effect being a sufficient basis for the provision.

**4. Master and Servant §§ 39c, 46a—Jurisdiction may not be conferred on the Industrial Commission by consent or agreement of the parties.**

The injured employee was a nonresident, but the contract of employment was made in this State and the employer maintained its place of business here. The injury occurred in another State, and the parties agreed upon a settlement accordant with the provisions of the North Carolina Compensation Act, which agreement was approved by the State Commission. The employee instituted this proceeding to enforce the terms of the agreement. *Held:* The Industrial Commission did not have jurisdiction over the original claim, and the parties may not confer jurisdiction by consent or agreement, the Industrial Commission's jurisdiction over contracts for the settlement of claims being limited to those made under and within the purview of the Compensation Act.

CLARKSON, J., dissenting.

APPEAL by defendants from *Pless, J.,* at June Term, 1939, of BUN-COMBE. Reversed.

This was a claim under the Workmen's Compensation Act for compensation for injuries alleged to have been caused by an accident which occurred in the State of South Carolina on 22 October, 1937, in the course of plaintiff's employment. The contract of employment was made in the State of North Carolina and plaintiff was at the time of the contract, and at all times subsequent, a resident and citizen of the State of South Carolina. The contract of employment was for him to work both in North Carolina and South Carolina.

An agreement for compensation for plaintiff's disability was entered into by the plaintiff and both defendants, supposedly in pursuance of the provisions of the North Carolina Workmen's Compensation Act, under which the amount of compensation due at the time the agreement was made was $210.73, and the amount due for medical services was $210.73. In addition thereto, the defendants agreed to pay to the plaintiff, as compensation, $16.21 weekly, beginning 29 October, 1937, for an unspecified number of weeks, until the agreement had been terminated by final receipt or supplemental agreement approved by the North Carolina Industrial Commission or order of such Commission. This memorandum of agreement was examined and approved by the North

Carolina Industrial Commission and notice of award given in accordance therewith for temporary total disability, at the rate of $16.21 per week, beginning on 29 October, 1937, and continuing for the period of total disability, not to exceed the provisions of the act.

Compensation was paid by the defendants under the agreement referred to until 14 July, 1938, or for a period of about thirty-eight weeks. The defendants then ceased payment and the plaintiff applied to the Industrial Commission for enforcement of the award and for additional compensation because of conditions arising from the injury. This petition was heard before Commissioner Dorsett and, upon a ruling adverse to the defendants, an appeal was made to the Full Commission, which, after hearing the case, gave notice of formal award on 24 February, 1939, affirming the award following the hearing before Commissioner Dorsett. This award was as follows: "Defendants will pay the plaintiff compensation for temporary total disability since the date of the accident under the terms of the agreement up until the time the defendants offer the plaintiff work suitable to his condition, and if the plaintiff does not earn as much at this work as he did prior to the injury the defendants will pay him compensation at the rate of 60 per cent of the difference in the wages under the provisions of the law, defendants will take credit for compensation payments already made and the payments due since July 14th, when the last payment was made, will be brought up to date in a lump sum payment. Defendants will pay all hospital and medical bills when they have been submitted to and approved by the North Carolina Industrial Commission."

Other provisions relate to the payment of witness' and attorneys' fees.

From this award defendants appealed to Buncombe County Superior Court, and, upon the hearing there, the award of the Full Commission was affirmed.

*T. W. Crouch, Columbia, S. C., and Heazel, Shuford & Hartshorn, Asheville, N. C., for plaintiff, appellee.*

*W. C. Ginter and Jordan & Horner for defendants, appellants.*

SEAWELL, J. In support of their appeal, the defendants challenge the jurisdiction of the North Carolina Industrial Commission in the premises on the ground that at the time of his injury plaintiff was not a resident of this State. With regard to its agreement it points out that since the Industrial Commission at no time had jurisdiction of the subject matter, the defendant did not waive its objection to the jurisdiction by that agreement or its subsequent payments, in accordance therewith, and neither conferred a jurisdiction upon the Industrial Commission which it did not have by virtue of the statute.

The North Carolina Workmen's Compensation Act, chapter 120, section 36, Public Laws of 1929, provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation if the contract of employment was made ·in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; . . ."

In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction.

We think it is clear that neither the agreement entered into by the plaintiff and the defendant nor the subsequent payments of the defendant thereupon amounted to a waiver of jurisdiction. The North Carolina Industrial Commission is not a court of general jurisdiction. It is an administrative board, with *quasi*-judicial functions (*Maley v. Furniture Co.,* 214 N. C., 589), and has a special or limited jurisdiction created by statute and confined to its terms. The following observation from *Hartford Accident and Indemnity Co. et al. v. Thompson,* ...... Ga., . ...., 147 S. E., 50, 51, is applicable here: "The authority of a court of limited jurisdiction in relation to subject matter over which it may exercise jurisdiction can be enlarged or extended only by the power creating the court. It cannot be done by act or consent of parties." *Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500; *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Reid v. Reid,* 199 N. C., 740, 155 S. E., 719.

We do not agree that jurisdiction can be conferred upon the court by the circuitous route contended for by plaintiff and apparently adopted by the Industrial Commission, namely, that otherwise the act would be unconstitutional, since "North Carolina cannot extend to its citizens a right that it does not extend to citizens of other States," or discriminate against a "nonresident employee." This view of the matter was taken in a similar situation by the Court in *Quong Ham Wah Company v. Industrial Accident Commission of California,* 192 Pac., 1021 (dismissed for want of jurisdiction, 255 U. S., 455, 41 Supreme Court Reports, 373), which is cited in the opinion of the Full Commission.

The apparent difficulty which the State might be under in extra-territorial extension of its laws, affecting the rights of residents of other states, and uncertainty as to the extent to which this State may be able to protect its own citizens and industries by giving its laws and the orders of the Industrial Commission such extra-territorial effect is sufficient ground to sustain the jurisdictional classification that the employee be a

resident of this State, and this involves no unconditional discrimination. See annotations to *Broderick v. Rosner;* 100 A. L. R., 1133, 1148 (294 U. S., 629, 79 L. Ed., 1100).

We have before us no question as to the policy of the Court, and not even a question as to the ultimate rights of the parties. We are only considering the jurisdiction of the Commission under the act creating it and the subject matter to which it is sought to apply that jurisdiction—whether it complies fully with the condition upon which the jurisdiction attaches.

The Industrial Commission can only enforce an agreement made in accordance with the provisions of the act and by virtue of its authority, and does this simply as a detail of administration provided by statute, and under its statutory jurisdiction. It is a statutory method entirely of settling claims within its jurisdiction. If it had no jurisdiction of the original claim it has none of the contract. It is not a general court in which claims, even between master and servant or employer and employee, may be litigated when they arise upon mere contract, independently of the statutory jurisdiction, although such contract may be physically filed with the Commission. Any relief which the Industrial Commission may give is of a totally different character. "When the statute creating the right provides an exclusive remedy to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy provided by statute." *Loomis v. Lehigh Valley Railway Co.,* 208 N. Y., 32, 101 N. E., 907.

The question is not before us as to whether the contract may be independently enforced. If so, it must be in another forum.

The judgment of the court below is

Reversed.

CLARKSON, J., dissenting: "The state has power to pass an act that will apply to injuries suffered by an employee in another state" (1 Schneider, Workmen's Compensation, 2nd Ed., p. 414), but this police power is necessarily a limited one in view of the essential requirements of interstate comity and state sovereignty. In *Farr v. Lumber Co.,* 182 N. C., 725, the injured plaintiff had contracted in Tennessee with the Tennessee defendant but was injured in North Carolina; in his suit in North Carolina the Tennessee Compensation Act was pleaded, but the extra-territorial effect of that act was denied by the holding that the North Carolina suit was proper. Again, in *Johnson v. R. R.,* 191 N. C., 75, plaintiff, a North Carolina resident, had contracted with the Tennessee defendant in Tennessee but was injured, and brought action, in North Carolina; in refusing to give effect to the plea of the Tennessee Compensation Act as a defense, the Court declared that to do so "would

be a denial of any remedy in the courts of this State." Finally, in *Lee v. Construction Co.,* 200 N. C., 319, a North Carolina resident, while in the employ of a Tennessee defendant in Tennessee, was injured; after executing what purported to be a settlement (which was never approved by the Compensation Board), he returned to North Carolina and sued defendant. It was *held* that the paper writing was no more than a release and that the Tennessee Compensation Act was not a bar to plaintiff's action. It was observed in the *Johnson case, supra,* that "the law is woefully in conflict in relation to extra-territorial jurisdiction of the Workmen's Compensation Acts," a statement which continues to be a sound legal observation, but, in my opinion, the principle of the *Farr, Johnson, and Lee cases, supra*—if it does not entirely negative all extra-territorial effect of Workmen's Compensation Acts—is at least authority that extra-territorial effect in any Workmen's Compensation statute will be carefully scrutinized by this Court, will be strictly limited in its application, and will be applied reluctantly.

Under the express terms of our act (S. 8081rr, Michie's Code of 1935), where an accident occurs outside of North Carolina, the employee is permitted to recover where each of the following conditions precedent exist concurrently: (1) "The contract of employment was made in this State," (2) "the employer's place of business is in this State," and (3) "the residence of the employee is in this State." Accordingly, the admission of the plaintiff and the finding of the Commission that plaintiff "is a resident of and citizen of the State of South Carolina," clearly negatives one of the necessary conditions of jurisdiction under the principle of the *Farr, Johnson, and Lee cases, supra.* This would end the case— favorable to defendants—but for the fact that plaintiff and defendants voluntarily contracted with respect to the settlement of plaintiff's cause. A contract is not a "scrap of paper."

The fact of plaintiff's residence was known to both plaintiff and defendants. If the defendants were in error in deciding to tender a voluntary settlement (which was later accepted and approved by the Commission) that error was one of law and not one of fact. A mistake as to the law, when the facts are known, will not invalidate a compromise and settlement arising out of such injury or death. *Obrien v. Det Forende Damphibs Selskab,* 94 N. J. L., 244, 109 Atl., 517. This agreement fixed the amount of weekly compromise and the date from which it was to run, but left open the question as to whether it was to run for the period specified for partial disability under section 30 of the act or for the period fixed for total disability under section 29 of the Workmen's Compensation Act. The contract of settlement also stipulated three methods of terminating the payment of compensation thereunder, to wit, (1) final receipt executed by plaintiff, or (2) supplemental agree-

ment approved by the N. C. Industrial Commission, or (3) order of the Commission. Defendants contracted with plaintiff that they would continue the payments of weekly compensation, under the terms of our act, until either released by further contract with plaintiff (*i.e.,* by final receipt or by supplemental agreement), or discharge by order of the Industrial Commission. All three of these methods are valid under our law. The first two methods are settlements by simple contract, and "amicable settlements, between the employer and the employee, of claims arising under the compensation act are looked upon with favor both in England and in this country" (2 Schneider, Workmen's Compensation Law, 2nd Ed., p. 1661); the third method—submission to arbitration by written agreement—is expressly approved by statute (ch. 94, sec. 1, Public Laws of 1927; S. 898a, Michie's Code of 1935). Defendants do not contend that they have discharged their duties under this contract by any of the three methods agreed upon; rather, they seek to avoid their contract by an attack upon the jurisdiction of the Industrial Commission. In my view of the case, defendants' attack upon the jurisdiction of the Commission comes too late. The issue here is not one as to the jurisdiction of the Commission but merely whether defendants shall be held to discharge the obligations voluntarily assumed by it in a solemn, validly executed contract of compromise. Whether such a contract may be enforced by a direct action in the Superior Court is not now before us.