SAMUEL H. JOHNSON, Ancillary Administrator of the Estate of ERNEST
L. WILBORN, Plaintiff, v. SANFORD W. CATLETT, Original Defend-
ant, and J. P. STEVENS & COMPANY, INC., and JAMES A. PATTER-
SON, Additional Defendants.

(Filed 7 June, 1957.)

**1. Evidence § 3—**

Our courts are required to take notice of the law of the United States
or any other State or Territory of the United States, or of the District of
Columbia, or of any foreign country, when any question arises as to such
law in an action instituted in this State.   G.S. 8-4.

**2. Constitutional Law § 28—**

An award of the Industrial Commission of another State is binding on
claimant and is *res judicata* as to liabilities under the Act, and must be
given full faith and credit in this jurisdiction.   Constitution of the United
States, Article 4, section 1.

**3. Master and Servant § 41—**

Under the Virginia Compensation Act an employee may not maintain
a suit against a fellow employee for injuries cognizable under the Act.

**4. Torts § 6—**

In order for a defendant in a tort action to have a third party joined for
contribution under G.S. 1-240, it is necessary that plaintiff, had he desired
to do so, could have joined such additional party.

**5. Same: Master and Servant § 41—Third person tort-feasor sued by per-
sonal representative of deceased employee may not join employer and
fellow employee for contribution.**

The personal representative of a deceased employee sued the third person
tort-feasor in an action instituted in this State.   Such defendant had the
employer and a fellow employee of the deceased employee joined for con-
tribution.   The additional defendants filed written motions and answers
to the cross-action alleging that the deceased was employed in another
State, that the injury came within the purview of the Compensation Act
of such State, and that award had been entered therein adjudicating the
liabilities of the additional defendants for the death.   *Held:* Since an
employee cannot sue a fellow employee for injuries cognizable under the
Compensation Act of the Sister State, plaintiff could not have maintained
the action against either of the additional defendants at the time the action
was instituted, and motions of the additional defendants to strike the
cross-action was properly allowed.

Appeal by defendant Sanford W. Catlett from *Seawell, J.,* October
Term 1956 of Wake.

Civil action instituted on 9 May 1956 against Sanford W. Catlett to
recover for the wrongful death of plaintiff's intestate, Ernest L. Wilborn.

The defendant Catlett filed an answer and set up a cross-action
against J. P. Stevens & Company, Inc. and James A. Patterson and

procured an order on 25 July 1956 making them additional parties defendant pursuant to the provisions of G.S. 1-240.

These additional defendants filed written motions to strike the cross-action from the answer of Catlett and to dismiss as to the additional defendants on the ground that the defendant J. P. Stevens & Company, Inc. had settled its liability to plaintiff's intestate under the provisions of the Virginia Workmen's Compensation Act and, therefore, neither it nor its employee, James A. Patterson, can be sued as a joint tort-feasor of the original defendant. The additional defendants likewise filed answers to the cross-action and set up the provisions of the Virginia Workmen's Compensation Act and the final award thereunder as a plea in bar of any recovery in this action against these additional parties on the cross-action on the ground that there is no common liability on these additional defendants with the original defendant to the plaintiff.

Counsel for the original defendant and counsel for the additional defendants entered into the following stipulations:

"1. That on the 6th day of December 1954 James A. Patterson was an employee of J. P. Stevens & Company, Inc. in the capacity of Superintendent of its plant at South Boston, Virginia, and Ernest L. Wilborn was likewise an employee of said J. P. Stevens & Company, Inc. in the capacity of a departmental Supervisor in said South Boston, Virginia plant.

"2. That on said date, said James A. Patterson and Ernest L. Wilborn, accompanied by two other employees of J. P. Stevens & Company, Inc., left South Boston, Virginia, in an automobile owned and operated by James A. Patterson, for the purpose of visiting the plant of J. P. Stevens & Company, Inc. at Wallace, N. C. on matters arising out of and in the scope of their employment.

"3. That while traveling along Highway 15A between Creedmoor and Raleigh, N. C., the said automobile of the said James A. Patterson was in a collision with an automobile owned and operated by Sanford W. Catlett. As a result of the collision, Ernest L. Wilborn received injuries from which he died.

"4. That at the time of said collision, the said J. P. Stevens & Company, Inc. and its employees, James A. Patterson and Ernest L. Wilborn, had accepted and were operating under the Virginia Workmen's Compensation Act.

"5. That subsequent to the death of said Ernest L. Wilborn, an agreement was entered into between J. P. Stevens & Company, Inc. and Anna D. Wilborn, the widow and principal dependent of Ernest L. Wilborn, providing that upon approval of the agreement by the Industrial Commission of Virginia, J. P. Stevens & Company, Inc. would pay or cause to be paid, and the dependents would accept compensation at

the rate of $27.00 per week for a period of three hundred weeks, and burial expenses in the sum of $300.00, as benefits due the dependents of said Ernest L. Wilborn, pursuant to the terms of said Workmen's Compensation Act of Virginia; that said agreement was approved by the Industrial Commission of Virginia on December 30, 1954, prior to the institution of this suit and benefits are now being paid pursuant thereto; that the recipients of such benefits are the same as are those who would receive any recovery in this lawsuit."

The court below held that, "neither the additional defendant J. P. Stevens & Company, Inc., nor the additional defendant James A. Patterson is liable to the plaintiff, the Ancillary Administrator of Ernest L. Wilborn, for the wrongful death of Ernest L. Wilborn; and that there exists no common liability as joint tort-feasors between the said Sanford W. Catlett and either J. P. Stevens & Company, Inc. or James A. Patterson; and that neither J. P. Stevens & Company, Inc., the employer of plaintiff's intestate, nor James A. Patterson, fellow employee of said Wilborn, can be held liable for contribution as a joint tort-feasor to the original defendant, Sanford W. Catlett."

The motion to strike the cross-action from the answer of Sanford W. Catlett was allowed, and the order making the movants parties to the action was vacated.

Judgment was accordingly entered. The defendant Sanford W. Catlett appeals, assigning error.

*Joyner & Howison and Roland C. Braswell for appellant.*
*Armistead J. Maupin for J. P. Stevens & Company, Inc., appellee.*
*Battle, Winslow & Merrell for James A. Patterson, appellee.*

DENNY, J. The question posed for determination is this: Where plaintiff's intestate, a resident of Virginia, employed and working in that State under its Workmen's Compensation Laws, was killed while a passenger in a North Carolina automobile accident while temporarily in North Carolina in the course and scope of his Virginia employment, and an award is made to his beneficiaries by his employer pursuant to the Virginia Workmen's Compensation Act, and thereafter an action is begun in North Carolina for wrongful death against the alleged third party tort-feasor, may such defendant pursuant to G.S. 1-240 cause the driver of the automobile in which plaintiff's intestate was riding and the employer of such driver be joined as joint tort-feasors and seek contribution against them when such other driver was a fellow-servant of plaintiff's intestate and the employer was also the employer of plaintiff's intestate?

Section 65-37 of the Virginia Workmen's Compensation Act, codified in Volume 9 of the 1950 Code of Virginia, reads as follows: "The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common-law or otherwise, on account of such injury, loss of service or death."

The Supreme Court of Appeals of Virginia, in the case of *Griffith v. Raven Red Ash Coal Co.,* 179 Va. 790, 20 S.E. 2d 530, held that the above statute "deprives the employee or his personal representative of a common-law right of action for damages against the employer in a particular class of cases, that is, where the injury or death is from an accident arising out of and in the course of the employment, because the Act gives to the employee or his dependents in lieu thereof the right to an award of compensation."

In the case of *Feitig v. Chalkley,* 185 Va. 96, 38 S.E. 2d 73, it is said: "It seems clear that it was the legislative intent to make the act exclusive in the industrial field so that, in the event of an industrial accident, the rights of all those engaged in the business would be governed solely thereby. The remedies afforded the employee under the act are exclusive of all his former remedies within the field of the particular business, but the act does not extend to accidents caused by strangers to the business. If the employee is performing the duties of his employer and is injured by a stranger to the business, the compensation prescribed by the act is available to him, but that does not relieve the stranger of his full liability for the loss, and, if he is financially responsible, there is no reason to cast this loss as an expense upon the business. . . .

"By analogy, loss by damage to an employee caused by the act of another employee is a loss within the field of industrial accidents intended by the act to be borne by industry as an industrial loss without opportunity for recoupment. What other meaning can be given to the phrase in section 11, 'those conducting his business'?"

Section 11, referred to in the above case, is now codified as section 65-99 in the 1950 Code of Virginia, and reads as follows: "Every employer subject to the compensation provisions of this Act shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force he or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified." The employer in this case was so insured.

The Virginia Court pointed out in the *Feitig case* that the North Carolina Workmen's Compensation Act contains a provision similar to section 11 of the Virginia Code, and a provision on subrogation similar to section 12 (now codified as section 65-38 in the 1950 Code of Virginia). The Court observed, however, that in the interpretation of provisions similar to those contained in section 11 of the Virginia Act, we had not followed the usual construction given to such provisions, citing *Tscheiller v. Weaving Co.,* 214 N.C. 449, 199 S.E. 623. Even so, we have now adopted the majority view in this respect. See *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106; *Bass v. Ingold,* 232 N.C. 295, 60 S.E. 2d 114; *Warner v. Leder,* 234 N.C. 727, 69 S.E. 2d 6.

The Virginia Workmen's Compensation Act provides that the payment of a claim for injury or death by the employer, shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person might have against a third party. It further provides that any amount collected by the employer in excess of the amount paid by the employer, or for which he is liable, shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney fees. Section 65-38, 1950 Code of Virginia. It is likewise provided that these rights shall inure to like extent to an insurance carrier when it has paid an employer's obligation under the Act. Section 65-108, 1950 Code of Virginia.

Even so, it has been held in Virginia that, notwithstanding the assignment provisions in the Compensation Act, the employee or his personal representative may sue a third party. *Fauver v. Bell,* 192 Va. 518, 65 S.E. 2d 575.

In the last cited case the Virginia Court said: "The Act does not deny an injured employee the right to pursue his action at law against a negligent third party. The rights and remedies granted under section 65-37 are exclusive only as to an employee and his employer, and only his right to sue his employer for damages is barred by the acceptance of compensation under the Act. *Smith v. Virginia Ry. Co.,* 144 Va. 169, 131 S.E. 440; *Chesapeake & O. Ry. Co. v. Palmer,* 149 Va. 560, 140 S.E. 831; *Noblin v. Randolph Corp.,* 180 Va. 345, 23 S.E. 2d 209."

When any question arises as to the law of the United States, or of any other State or Territory of the United States, or of the District of Columbia, or of any foreign country, this Court is required by statute to take notice of such law in the same manner as if the question arose under the law of this State. G.S. 8-4. See also 28 U.S.C.A., section 1738, adopted by the Congress of the United States on 25 June 1948.

It would seem that the question posed on this appeal requires an answer to these questions: (1) At the time this action was instituted, could it have been maintained against these additional parties? (2) Since the plaintiff's intestate and the additional parties were bound by the exclusive provisions of the Virginia Workmen's Compensation Act, and the claim resulting from the death of plaintiff's intestate having been adjudicated thereunder, can these additional defendants be held as joint tort-feasors in this action? It appears that each of these questions must be answered in the negative.

In *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 88 L. Ed. 149, the employer employed Hunt in Louisiana as a laborer in connection with its business of drilling oil wells. In the course of his employment Hunt, a Louisiana resident, was sent to Texas and while working there for his employer on an oil well he was injured. He sought and procured in Texas an award of compensation for his injury under the provisions of its Workmen's Compensation Law, and the employer's insurance carrier made the payments as required by the award. Hunt then brought a claim for his injury under the Louisiana Workmen's Compensation Law which was more liberal than the Texas law. The employer pleaded the Texas award as being *res judicata*. Hunt, however, obtained a judgment pursuant to the provisions of the Louisiana statute, after deducting the amount of the Texas payments. The Louisiana Court of Appeals affirmed and the Supreme Court of Louisiana refused writs of *certiorari* and review. The Supreme Court of the United States granted *certiorari*. *Chief Justice Stone*, speaking for the Court, held that Hunt was free to pursue his remedy in either State but, having chosen to seek it in Texas where the award was *res judicata*, the full faith and credit clause precluded him from again seeking a remedy in Louisiana upon the same grounds. It is also stated in the opinion, "A compensation award which has become final 'is entitled to the same faith and credit as a judgment of the court.' See *Ocean Acci. & G. Corp. v. Pruitt* (Tex. Com. App.), 58 S.W. (2d) 41, 44, 45, holding that an award is *res judicata*, not only as to all matters litigated, but as to all matters which could have been litigated in the proceeding with respect to the right to compensation for the injury." *Cf. Industrial Commission v. McCartin*, 330 U.S. 622, 91 L. Ed. 1140, and *Carroll v. Lanza*, 349 U.S. 408, 99 L. Ed. 1183.

We hold that the award made by the Industrial Commission of Virginia is binding on the plaintiff in this action and is *res judicata* as to all claims against these additional defendants. Therefore, such award must be given full faith and credit in this jurisdiction. Constitution of the United States, Article 4, section 1, 28 U.S.C.A., section 1738. Furthermore, the Supreme Court of Appeals of Virginia has expressly

held that an employee of a business covered by the Virginia Workmen's Compensation Act cannot maintain a suit against a fellow-servant for injuries caused by the latter's negligence. *Coker v. Gunter*, 191 Va. 747, 63 S.E. 2d 15; *Phillips v. Brinkley*, 194 Va. 62, 72 S.E. 2d 339. We have likewise so held in *Essick v. Lexington, supra; Bass v. Ingold, supra; Warner v. Leder, supra.*

As to the second question, it is settled law with us that to entitle the original defendant in a tort action to have a third party made an additional party defendant under the provisions of G.S. 1-240 to enforce contribution, the facts must be such that the plaintiff, had he desired so to do, could have joined such additional party or parties as defendants in the action. *Hunsucker v. Chair Co.*, 237 N.C. 559, 75 S.E. 2d 768; *Hobbs v. Goodman*, 240 N.C. 192, 81 S.E. 2d 413; *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335, 156 A.L.R. 922; *Godfrey v. Power Co.*, 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183.

It was pointed out in the last cited case by *Stacy, C. J.*, that, "a contingent or inchoate right to enforce contribution arises to each defendant tort-feasor at the time of the institution of the action to recover on the joint tort. As long then as the plaintiff's right to recover in such suit remains undetermined, the contingent or inchoate right of each defendant tort-feasor to enforce contribution continues, and, on rendition of judgment in favor of the plaintiff, this right matures into a cause of action. 13 Am. Jur. 51. Thus it is rooted in and springs from the plaintiff's suit and projects itself beyond that suit, but it is not dependent on the plaintiff's continued right to sue all the joint tort-feasors."

In the instant case, however, the plaintiff had no right to bring an action at common-law or otherwise against these additional defendants at the time this action was instituted.

In *Wilson v. Massagee, supra,* Mrs. Verna L. Wilson, administratrix of Arthur E. Wilson, brought an action for the wrongful death of her intestate who was killed while engaged in his duties as an engineer of the Southern Railway Company, against Shirley Massagee and the Sinclair Refining Company. The Shell Oil Company and the Southern Railway Company were made parties defendant on motion of the original defendants, pursuant to the provisions of G.S. 1-240. The Southern Railway Company moved to dismiss as to it on the ground that the rights and obligations of the plaintiff's intestate to the Southern Railway Company arose out of and are exclusively controlled and defined by the Federal Employers' Liability Act, the said Act being exclusive of all other rights and remedies between said parties in the premises. *Winborne, J.,* now *C. J.,* in speaking for the Court, said: ". . . the right of plaintiff to sue the original defendants for damages for the

death of her intestate arose upon an entirely separate and distinct statute from that under which her right to sue the railway company arose. The plaintiff has no right, under the Federal Employers' Liability Act, to sue and maintain an action against the original defendants, nor does she have any right, under the State statute giving right of action for wrongful death, to sue and maintain an action against the railway company. Hence, plaintiff did not have a common legal right of action against the original defendants and the Railway Company."

This Court has expressly held that an employer who has discharged his obligation to his injured employee or his personal representative, under the provisions of our Workmen's Compensation Act, is not liable as a joint tort-feasor to such employee or his personal representative. That where such employee or his personal representative brings an action at common-law for the employee's injury or death against a third party, a motion of the defendant that the employer of the injured or deceased employee be made a party as joint tort-feasor with them, should be denied. *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613; *Hoover v. Indemnity Co.*, 202 N.C. 655, 163 S.E. 758; *Eledge v. Light Co.*, 230 N.C. 584, 55 S.E. 2d 179; *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886; *Hunsucker v. Chair Co.*, *supra*. Since we are required by statute to take notice of the provisions of the Virginia Workmen's Compensation Act, we know of no reason why these provisions, which are substantially like those in our own Compensation Act, should not be given a similar construction as to its bearing on the right to bring in additional parties as joint tort-feasors, where the employer of plaintiff's intestate has discharged its liability under the Virginia Act.

The cases of *Farr v. Lumber Co.*, 182 N.C. 725, 109 S.E. 833; *Johnson v. R. R.*, 191 N.C. 75, 131 S.E. 390, and *Lee v. Construction Co.*, 200 N.C. 319, 156 S.E. 848, cited by the original defendant, are distinguishable and not controlling on the facts revealed on the present record.

The ruling of the court below is

Affirmed.