JANET GAFFNEY v. LUMBERMEN'S MUTUAL CASUALTY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, JOHN WILSON, Z. B. PHELPS, AND C. M. ALLRED.

(Filed 26 February, 1936.)

**Torts B b—C. S., 618, providing for contribution between tort-feasors, does not apply to liability of insurance carriers of tort-feasors.**

Plaintiff obtained judgment jointly against the drivers of two cars for injury to plaintiff caused by their concurrent negligence. Upon return of execution against both defendants unsatisfied, plaintiff instituted this suit against the driver of one of the cars and the carrier of liability insurance on the car driven by him under the "omnibus clause" of the policy. Defendants asked that the driver of the other car, the owner thereof, and the carrier of liability insurance thereon be made parties defendant, and set up a cross action against such defendants for contribution under the provisions of C. S., 618. The insurer joined on motion of the original defendants demurred to the cross actions of each of the original defendants. *Held:* The demurrer should have been sustained, since the

provisions of C. S., 618, by express terms, applies only to joint tort-feasors and to joint judgment debtors, and the demurring defendant was neither, since its liability under the policy is contractual and not founded on tort, and no judgment had been recovered against it by any of the parties.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by the defendant United States Fidelity and Guaranty Company from judgment overruling demurrer to cross actions of the co-defendants, entered by *Harding, J.,* at May Term, 1935, of MECKLENBURG.

*J. Laurence Jones for United States Fidelity and Guaranty Company, appellant.*

*Goebel Porter and Henry E. Fisher for Lumbermen's Mutual Casualty Company and C. M. Allred, appellees.*

SCHENCK, J. The plaintiff Janet Gaffney was injured in an automobile collision between two automobiles, one owned by G. R. Leiter and operated by C. M. Allred, and the other owned by Z. B. Phelps and operated by John Wilson. She instituted an action in the Superior Court of Mecklenburg County against the respective owners and drivers of said automobiles. The case came on for trial and the Superior Court entered judgment of nonsuit as to both of the owners, and the case proceeded to the jury upon issues drawn against the two drivers, and the jury found that the plaintiff was injured by their joint and concurrent negligence and assessed damages at $5,000. From judgment based upon the verdict the defendant C. M. Allred appealed. No appeal was taken by the defendant John Wilson. Upon the appeal of Allred, the judgment of the Superior Court was affirmed in *Gaffney v. Allred,* 207 N. C., 553. The automobile owned by Leiter and driven by Allred was covered by a liability insurance policy issued by the Lumbermen's Mutual Casualty Company. The automobile owned by Phelps and driven by Wilson was covered by liability insurance policy issued by the United States Fidelity and Guaranty Company.

After the affirmation of the judgment of the Superior Court the plaintiff had execution to issue against both Allred and Wilson, and upon same being returned unsatisfied, she brought this action to recover $5,000, the amount of the judgment, against the Lumbermen's Mutual Casualty Company and C. M. Allred under what is known as the "omnibus clause" of the policy issued by said casualty company to Leiter, which clause, in effect, provides (1) that the terms and conditions of the policy are so extended as to be available to any person (with certain exceptions) while riding in or operating the automobile described therein with permission of the named assured, and (2) that the

insolvency or bankruptcy of an assured shall not release the casualty company from payment of damages for injury sustained or loss occasioned during the life of the policy, and that in the event of an execution against an assured being returned unsatisfied, in an action brought by the injured, by reason of such insolvency or bankruptcy, an action may be maintained by the injured person against the casualty company for the amount of any judgment obtained against an assured, not exceeding the limits of the coverage of the policy.

The Lumbermen's Mutual Casualty Company filed answer to the complaint and denied that it was liable to the plaintiff in any sum, and asked that the United States Fidelity and Guaranty Company, John Wilson, the driver of the Phelps car, and Z. B. Phelps, be made parties defendant, and set up a cross action against said guaranty company and Wilson, wherein it alleged that Wilson was insolvent and that execution against him had been returned not satisfied, and that the United States Fidelity and Guaranty Company was liable under its policy issued to Phelps for that portion of the liability on the joint judgment of the plaintiff for which Wilson is responsible.

Paragraph 18 of the cross action of the casualty company is as follows: "That if any judgment is rendered against this defendant on account of the joint and concurring negligence of John Wilson and C. M. Allred, which resulted in a joint judgment in the amount of $5,000 in favor of Miss Janet Gaffney against John Wilson and C. M. Allred, this defendant asks for a judgment over against the said United States Fidelity and Guaranty Company and the other defendants, as provided by the statute regulating contribution between joint tortfeasors."

The defendant C. M. Allred filed answer to the complaint and practically adopted the cross action of the Lumbermen's Mutual Casualty Company, and alleged that John Wilson was insolvent, and that execution against him had been issued by the plaintiff and had been returned not satisfied, and that the United States Fidelity and Guaranty Company was liable under its policy issued to Z. B. Phelps for that portion of the liability on the joint judgment of the plaintiff for which Wilson is responsible.

Paragraph 14 of the cross action of Allred is as follows: "That this defendant asks for a judgment over against John Wilson and Z. B. Phelps and United States Fidelity and Guaranty Company under and as provided by the statute 618 regulating contributions between joint tort-feasors."

The Lumbermen's Mutual Casualty Company and C. M. Allred, in setting up their cross actions against the United States Fidelity and Guaranty Company, relied upon the provisions of section 618 of the Consolidated Statutes.

To these cross actions the United States Fidelity and Guaranty Company filed a demurrer upon the ground that said actions failed to state facts sufficient to constitute any cause of action against it, the demurrant. This demurrer presents the single question as to whether the cross actions of the Lumbermen's Mutual Casualty Company and of C. M. Allred, respectively, have stated facts sufficient to bring them within the provisions of section 618 of the Consolidated Statutes. If such cross actions fall within such provisions the demurrer was properly overruled, and if they do not fall within such provisions the demurrer was improperly overruled.

The provisions of section 618 of the Consolidated Statutes, all of which are designed to furnish relief or protection to two classes of persons, and no others, namely, joint judgment debtors and joint tortfeasors, are as follows: (1) Those who are jointly liable as judgment debtors, either as joint obligors or as joint tort-feasors, may pay the judgment and have it transferred to a trustee for their benefit, and such transfer shall have the effect of preserving the lien of the judgment against the judgment debtor who does not pay his proportionate part thereof to the extent of his liability; (2) joint tort-feasors against whom judgment has been obtained may, in a subsequent action therefor, enforce contribution from other joint tort-feasors who were not made parties to the action in which the judgment was taken; (3) joint tort-feasors who are made parties defendant, at any time before judgment is obtained, may, upon motion, have the other joint tort-feasors made parties defendant; (4) joint judgment debtors who do not agree as to their proportionate liability, by petition in the cause, in which it is alleged that any other joint judgment debtor is insolvent or a nonresident and cannot be forced under execution to contribute to the payment of the judgment, may have their proportionate liability ascertained by court and jury; and (5) joint judgment debtors who tender payment of judgment and demand in writing transfer thereof to trustee for their benefit, and are refused such transfer by judgment creditors, may not thereafter have execution issued against them upon said judgments.

The allegations of the cross actions of the defendant Lumbermen's Mutual Casualty Company and of the defendant C. M. Allred fail to bring the defendant United States Fidelity and Guaranty Company within any of the foregoing provisions, since the guaranty company is, under said allegations, neither a joint tort-feasor nor a joint judgment debtor with the casualty company or with Allred—nor with anyone else. There is no allegation that the guaranty company has committed any tort or that any judgment has been taken against it. Such liability as the guaranty company has to any of the parties to this action, or to the former action, exists by virtue of its policy issued to Z. B. Phelps,

and is purely contractual. A most liberal construction of the statute will not permit the writing into it of the liability insurance carrier of tort-feasors when only tort-feasors and judgment debtors are mentioned therein.

The judgment overruling the demurrer of the United States Fidelity and Guaranty Company is

Reversed.

STACY, C. J., took no part in the consideration or decision of this case