LUMBERMEN'S MUTUAL CASUALTY COMPANY, C. M. ALLRED, AND HENRY E. FISHER, TRUSTEE FOR C. M. ALLRED AND LUMBERMEN'S MUTUAL CASUALTY COMPANY, v. UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 16 December, 1936.)

1. **Torts § 6—Insurer of one joint tort-feasor paying judgment held not entitled to assignment of judgment as against insurer of other tort-feasor.**

   A person injured in a collision between two cars obtained judgment against the drivers of the cars as joint tort-feasors. Thereafter, the injured person sued the driver of one of the cars and the insurer in a liability policy on the car driven by him, and the insurer paid the total amount of the judgment, and had one-half the judgment assigned to a trustee for its benefit, and instituted this action against the insurer in a policy of liability insurance on the other car, contending that it was entitled to contribution under the provisions of C. S., 618. *Held:* The statute providing for contribution among joint tort-feasors does not apply to insurers of joint tort-feasors, and the demurrer of defendant insurer was properly granted on the allegations in plaintiff insurer's action to force contribution.

2. **Insurance § 51—Insurer of one joint tort-feasor paying judgment held not entitled to subrogation as against insurer of other tort-feasor.**

   The right to contribution among joint tort-feasors exists solely by provision of statute, C. S., 618, and an insurer of one joint tort-feasor paying the judgment recovered against both joint tort-feasors is not entitled to equitable subrogation as against the insurer of the other tort-feasor, there being no relation between the tort-feasors outside the provision of the statute upon which the doctrine of equitable subrogation can be based, and the insurers of the tort-feasors not coming within the provision of the statute in regard to contribution.

   STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Shaw, Emergency Judge,* at June Term, 1936, of MECKLENBURG. Affirmed.

The facts alleged in the complaint in this action are as follows:

An action entitled "Janet Gaffney *v.* Z. B. Phelps, John Wilson, G. R. Leiter, and C. M. Allred," begun in the Superior Court of Mecklenburg County, and pending therein, was tried at June Term, 1934, of said court.

The action was to recover damages for personal injuries suffered by the plaintiff as the result of a collision between two automobiles in the city of Charlotte, on 20 August, 1933, one owned by the defendant Z. B. Phelps and driven by the defendant John Wilson, and the other owned by the defendant G. R. Leiter and driven by the defendant C. M. Allred. It was alleged in the complaint that the collision was caused by the joint and concurrent negligence of the drivers of the said automobiles.

At the close of the evidence, on the motion of the defendants Z. B. Phelps and G. R. Leiter, the action was dismissed as to said defendants by a judgment as of nonsuit.

On the verdict, there was a judgment that the plaintiff Janet Gaffney recover of the defendants John Wilson and C. M. Allred the sum of $5,000 as damages for the personal injuries which the plaintiff suffered as the result of the collision. The jury found that the collision and the resulting personal injuries suffered by the plaintiff were caused by the joint and concurring negligence of the defendants John Wilson and C. M. Allred. On the appeal of the defendant C. M. Allred to the Supreme Court of North Carolina, the judgment was affirmed. See *Gaffney v. Phelps et al.,* 207 N. C., 553, 178 S. E., 231.

After the judgment was affirmed by the Supreme Court, an execution was issued on the judgment against the defendant John Wilson. This execution was returned unsatisfied, because of the insolvency of the said defendant.

At the date of the collision, which resulted in the personal injuries suffered by the plaintiff, the automobile owned by the defendant G. R. Leiter, and driven by the defendant C. M. Allred, was covered by a policy of liability insurance issued by the Lumbermen's Mutual Casualty Company, and the automobile owned by the defendant Z. B. Phelps, and driven by the defendant John Wilson, was covered by a policy of liability insurance issued by the United States Fidelity and Guaranty Company. Each of said policies of insurance contained the "omnibus clause" by which the insurer agreed to pay any judgment recovered against the owner of the automobile or against any person driving the automobile with the permission of the owner, for damages caused by the operation of the automobile covered by the policy.

After the execution against the defendant John Wilson had been returned unsatisfied, because of his insolvency, the plaintiff Janet Gaffney instituted an action in the Superior Court of Mecklenburg County

against the Lumbermen's Mutual Casualty Company and C. M. Allred, to recover of said defendants the amount of her judgment, to wit: $5,000. After the institution of said action, on motion of the defendants, the United States Fidelity and Guaranty Company and John Wilson were made parties defendant in the action, and the defendant Lumbermen's Mutual Casualty Company filed a cross complaint in said action, praying that it recover judgment against the defendants, United States Fidelity and Guaranty Company and John Wilson, for the sum of $2,500, one-half the amount of the judgment which the plaintiff Janet Gaffney had recovered against the defendants John Wilson and C. M. Allred, at June Term, 1934, of the Superior Court of Mecklenburg County. The defendant United States Fidelity and Guaranty Company demurred to the said cross complaint. Judgment overruling the demurrer was reversed on the appeal of the defendant United States Fidelity and Guaranty Company to the Supreme Court of North Carolina. See *Gaffney v. Casualty Company et al.,* 209 N. C., 515, 184 S. E., 46.

After the demurrer of the defendant United States Fidelity and Guaranty Company to the cross complaint of the defendant Lumbermen's Mutual Casualty Company had been sustained, and the action dismissed as to the defendant United States Fidelity and Guaranty Company, the defendants, Lumbermen's Mutual Casualty Company and C. M. Allred, paid the judgment recovered at June Term, 1934, of the Superior Court of Mecklenburg County for the sum of $5,000, and caused said judgment to be assigned by the plaintiff Janet Gaffney to Henry E. Fisher, trustee for C. M. Allred and Lumbermen's Mutual Casualty Company.

The defendant John Wilson did not file an answer to the cross complaint of the defendant Lumbermen's Mutual Casualty Company. Judgment by default was rendered against the defendant John Wilson and in favor of the defendants, Lumbermen's Mutual Casualty Company and C. M. Allred, for the sum of $2,500.

At the date of the collision, which resulted in personal injuries suffered by Janet Gaffney for which she recovered judgment against John Wilson and C. M. Allred, at June Term, 1934, of the Superior Court of Mecklenburg County, the defendant John Wilson was driving the automobile owned by Z. B. Phelps and covered by the policy of insurance issued by the United States Fidelity and Guaranty Company, with the permission of the owner.

On the foregoing facts, the plaintiffs in this action pray judgment that they recover of the defendant United States Fidelity and Guaranty Company the sum of $2,500, with interest from 4 June, 1934, and costs.

The action was heard on the demurrer of the defendant to the com-

plaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed.

The plaintiffs appealed to the Supreme Court, assigning as error the judgment dismissing the action.

*Goebel Porter for plaintiffs.*
*J. Laurence Jones for defendant.*

CONNOR, J. On their appeal to this Court, the plaintiffs contend that there is error in the judgment dismissing their action against the defendant, for that the facts alleged in the complaint are sufficient to constitute a cause of action under the provisions of C. S., 618. This contention cannot be sustained.

The facts alleged in the complaint in this action are substantially the same as the facts alleged in the cross complaint in the action instituted in the Superior Court of Mecklenburg County by "Janet Gaffney *v.* Lumbermen's Mutual Casualty Company and others." A judgment overruling the demurrer filed by the defendant herein to the cross complaint of the Lumbermen's Mutual Casualty Company in that action was reversed by this Court. See *Gaffney v. Casualty Company et al.,* 209 N. C., 515, 184 S. E., 46. In the opinion in that case by *Schenck, J.,* it is said:

"The provisions of section 618 of the Consolidated Statutes, all of which are designed to furnish relief or protection to two classes of persons and no others, namely, joint judgment debtors and joint tort-feasors, are as follows: (1) Those who are jointly liable as judgment debtors, either as joint obligors or as joint tort-feasors, may pay the judgment and have it transferred to a trustee for their benefit, and such transfer shall have the effect of preserving the lien of the judgment against the judgment debtor who does not pay his proportionate part thereof to the extent of his liability; (2) joint tort-feasors against whom judgment has been obtained may, in a subsequent action therefor, enforce contribution from all other joint tort-feasors who were not made parties to the action in which the judgment was taken; (3) joint tort-feasors who are made parties defendant, at any time before judgment is obtained, may, upon motion, have the other joint tort-feasors made parties defendant; (4) joint judgment debtors, who do not agree as to their proportionate liability, by petition in the cause, in which it is alleged that any other joint judgment debtor is insolvent or a nonresident and cannot be forced under execution to contribute to the payment of the judgment, may have their proportionate liability ascertained by court and jury; and (5) joint judgment debtors who tender payment of judg-

ment and demand in writing transfer thereof to trustee for their benefit, and are refused such transfer by judgment creditors, may not hereafter have execution against him upon said judgments.

"The allegations of the cross actions of the defendant Lumbermen's Mutual Casualty Company, and of the defendant C. M. Allred, fail to bring the defendant United States Fidelity and Guaranty Company within any of the foregoing provisions, since the guaranty company is, under said allegations, neither a joint tort-feasor nor a joint judgment debtor with the casualty company, or with Allred—nor with anyone else. There is no allegation that the guaranty company has committed any tort, or that any judgment has been taken against it. Such liability as the guaranty company has to any of the parties to this action, or to the former action, exists by virtue of its policy issued to Z. B. Phelps, and is purely contractual. A most liberal construction of the statute will not permit the writing into it of the liability of the insurance carrier of tort-feasors when only tort-feasors and judgment debtors are numbered therein."

The decision of this Court in *Gaffney v. Casualty Co., supra,* is conclusive against the first contention of the plaintiffs.

The plaintiffs further contend that there is error in the judgment, for that the facts alleged in the complaint are sufficient to constitute a cause of action against the defendant for contribution on the equitable principle of subrogation, without regard to the provisions of C. S., 618. This contention cannot be sustained.

There is no relationship between joint tort-feasors which entitles one joint tort-feasor to contribution from the other joint tort-feasor. Neither is liable as surety for the other. Each is liable for the damages caused by their joint and concurring negligence. But for the statute, neither is entitled to contribution from the other.

In the instant case the defendant is liable only under its contract. There is no provision in the contract which extends its liability to include the plaintiffs, or either of them. See *Peeler v. Casualty Co.,* 197 N. C., 286, 148 S. E., 261.

There is no error in the judgment.

Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.