JESSIE M. GODFREY, ADMINISTRATRIX, v. TIDEWATER POWER CO., ET AL.

(Filed 24 November, 1943.)

**1. Torts § 6—**

One of several defendants, in an action for wrongful death arising out of a joint tort, may have still another joint tort-feasor brought in and made a party defendant for the purpose of enforcing contribution, where plaintiff's right of action against such other tort-feasor, originally subsisting, has been lost by the lapse of time. C. S., 160.

**2. Same—**

In actions arising out of a joint tort, wherein judgment may be rendered against two or more persons who are jointly and severally liable, and not all of the joint tort-feasors have been made parties, those who are sued may at any time before judgment, upon motion, have the other joint tort-feasors brought in and made parties defendant in order to determine and enforce contribution. Indeed, the right of contribution may be enforced after the liability to the injured party has been extinguished by payment of the judgment and its transfer to a trustee for the benefit of the paying judgment debtor. C. S., 618.

**3. Same—**

At common law no right of action existed between or among joint tort-feasors who were *in pari delicto,* so that the right necessarily depends upon the terms of the statute. C. S., 618.

APPEAL by defendant Tidewater Power Company from *Blackstock, Special Judge,* at September Special Term, 1943, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the negligence, default or wrongful acts of the defendants Tidewater Power Company and two of its agents, one a foreman, the other an employee, when plaintiff's intestate, while working on a substation of the Power Company near the city of New Bern, around the hour of 1:30 a.m., 10 June, 1942, was electrocuted by coming in contact with a wire carrying a high voltage of electricity, which the defendants had previously undertaken to deaden or cut off and had failed to do so.

This action was instituted 28 April, 1943.

In its answer, filed 28 July, 1943, the corporate defendant denied liability and set up a cross-action against the city of New Bern for contribution as a joint tort-feasor in case the answering defendant should be held liable.

At the time of answering, the corporate defendant filed formal motion pursuant to C. S. 618, to make the city of New Bern a party defendant. The clerk denied this motion on the ground that it had not been made within a year of plaintiff's intestate's death, and the cause of action for wrongful death as against the city had therefore been lost. On appeal to the judge the ruling of the clerk was approved.

From the denial of its motion, the Tidewater Power Company appeals, assigning error.

*Carswell & Ervin and Helms & Mulliss for plaintiff, appellee.*
*Robinson & Jones for defendant Power Co., appellant.*

STACY, C. J. The question for decision is whether one of several defendants in an action for wrongful death arising out of a joint tort may have still another joint tort-feasor brought in and made a party defendant for the purpose of enforcing contribution, when the plaintiff's right of action against such other tort-feasor, originally subsisting, has been lost by the lapse of time. C. S. 160; *Curlee v. Power Co.,* 205 N. C., 644, 172 S. E., 329. The law answers in the affirmative. 13 Am. Jur., 52; 18 C. J. S., 19.

The pertinent meaning of C. S., 618 is that in an action arising out of a joint tort wherein judgment may be rendered against two or more persons, who are jointly and severally liable, and not all of the joint tort-feasors have been made parties, those who are sued may at any time before judgment, upon motion, have the other joint tort-feasors brought in and made parties defendant in order to determine and

enforce contribution. *Freeman v. Thompson,* 216 N. C., 484, 5 S. E. (2d), 434.

It is true common liability to suit must have existed as a condition precedent to contribution, but it is not essential that it should continue to subsist, or be kept alive, against all of the joint tort-feasors. *DeBrue v. Frank,* 213 Wis., 280, 251 N. W., 494; *Norfolk Southern R. R. Co. v. Gretakis,* 162 Va., 597, 74 S. E., 841; *Consolidated Coach Corp. v. Burge,* 245 Ky., 631, 54 S. W. (2d), 16, 85 A. L. R., 1086. Indeed, the right of contribution may be enforced after liability to the injured person or his representative has been extinguished by the payment of the judgment and its transfer to a trustee for the benefit of the paying judgment debtor. *Hoft v. Mohn,* 215 N. C., 397, 2 S. E. (2d), 23.

In cases where the negligent acts of two or more persons concur in producing a single injury, with or without concert among them, the general rule is that they may be treated as joint tort-feasors and sued separately or together at the election of the injured party or his representative. *Charnock v. Taylor, ante,* 360; *Hipp v. Farrell,* 169 N. C., 551, 86 S. E., 570; *Hough v. R. R.,* 144 N. C., 692, 57 S. E., 469.

At common law no right of action for contribution existed between or among joint tort-feasors who were *in pari delicto. Raulf v. Light Co.,* 176 N. C., 691, 97 S. E., 236. With us the right is statutory, and its use necessarily depends upon the terms of the statute. *Gaffney v. Casualty Co.,* 209 N. C., 515, 184 S. E., 46. The pertinent part of the enactment, as amended in 1929, is, that in all cases in the courts of this State wherein judgment has been, or may be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment, and if the judgment be obtained in an action arising out of a joint tort, and only one, or not all of the joint tort-feasors, are made parties defendant, those tort-feasors made parties defendant, and against whom judgment is obtained, may, in an action therefor, enforce contribution from the other tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant. C. S., 618, as amended by ch. 68, Public Laws 1929.

The right to "enforce contribution" in an action like the present comes from this amendment. It is the right of one joint tort-feasor, against whom judgment has been obtained in an action arising out of a joint tort, to recover of the other joint tort-feasors their proportionate part of such judgment. *Hoft v. Mohn, supra.*

The right accrues when judgment is obtained in an action arising out of a joint tort. From this it follows that a contingent or inchoate right to enforce contribution arises to each defendant tort-feasor at the time of the institution of the action to recover on the joint tort. As

long then as the plaintiff's right to recover in such suit remains unde-
termined, the contingent or inchoate right of each defendant tort-feasor
to enforce contribution continues, and, on rendition of judgment in
favor of the plaintiff, this right matures into a cause of action.    13 Am.
Jur., 51.    Thus it is rooted in and springs from the plaintiff's suit and
projects itself beyond that suit, but it is not dependent on the plaintiff's
continued right to sue all the joint tort-feasors.

The purpose in allowing all joint tort-feasors to be made parties
defendant at any time before judgment in the suit to recover on the
joint tort is to provide for settlement of the whole controversy in a
single action.    *Gaffney v. Casualty Co., supra;* 13 Am. Jur., 52.

The fact that a municipality of one county is to be made a party
defendant in an action pending in another county has not been over-
looked.    C. S., 464; *Cecil v. High Point,* 165 N. C., 431, 81 S. E., 616.
The question of venue, however, is not presented or decided.    *Banks v.
Joyner,* 209 N. C., 261, 183 S. E., 273; *Hannon v. Power Co.,* 173 N. C.,
520, 92 S. E., 353; McIntosh on Procedure, 267.

Reversed.