Civil action for recovery of damages for alleged wrongful death, G.S., 28-173, formerly C. S., 160, to which action Shell Oil Company, a corporation, and Southern Railway Company, a corporation, were made parties defendant, without notice, upon motion of original defendants Shirley L. Massagee and Sinclair Refining Company, under G.S., 1-240, formerly C. S., 618, as amended by Public Laws 1929, chapter 68, and on their alleged cross action (1) for exoneration for that the injury of which plaintiff complains was directly and proximately caused by the joint and concurrent negligence of Shell Oil Company and Southern Railway Company, and (2) for contribution for that if original defendants be held actionably negligent, the joint and concurrent negligence of Shell Oil Company and Southern Railway Company was also a proximate cause of the injury resulting in death of intestate of plaintiff, thereby entitling original defendants to invoke against Shell Oil Company and Southern Railway Company the provisions of C. S., 618, amended as above stated, now G.S., 1-240, heard upon motion of Southern Railway Company, on special appearance, to strike out the order making it a party defendant as above stated, and to dismiss the action as to it. *Page 707 
The complaint of plaintiff alleges, in part, and summarily stated, that the injury to and death of plaintiff's intestate proximately resulted from the joint and concurrent negligence of the original defendants, as specified, when on 29 January, 1944, at a place known as Friendship, North Carolina, about seven miles from Greensboro, on the Southern Railway track from Greensboro to Winston-Salem, North Carolina, a truck of defendant Sinclair Refining Company, driven by defendant Shirley L. Massagee and filled with gasoline, collided with a certain passenger train of the Southern Railway Company operated by said intestate as engineer.
Then the original defendants, in pertinent parts of their cross action, allege that: "2. The Southern Railway Company is a corporation organized, existing and doing business under the laws of the State of Virginia and is engaged in the operation of an interstate railway system over a considerable portion of the United States. Said company maintains a line of railway tracks from Greensboro, North Carolina, to Winston-Salem, North Carolina, over which it operates trains as a part of its interstate system of railways." And "6. The plaintiff's intestate was injured and burned in the collision referred to in plaintiff's complaint, and the death of plaintiff's intestate was caused directly and proximately by the joint and concurring negligence of the Shell Oil Company and Southern Railway Company, and not by any negligence of these defendants" in manner specified.
The grounds for the motion of the Southern Railway Company here pertinent are: "3. That, at the time and on the occasion referred to in the pleadings, the Southern Railway Company was engaged in interstate commerce and the plaintiff's intestate, as an employee of said Southern Railway Company, was employed in interstate commerce, and while so employed was operating the train referred to in the pleadings.
"4. That the rights and obligations of the plaintiff's intestate and the Southern Railway Company arose out of and are exclusively controlled and defined by the Federal Employers' Liability Act, the said Act being exclusive of all other rights and remedies between said parties in the premises.
"5. That under said Federal Act, the plaintiff's intestate is the only person having any right or remedy against the Southern Railway Company by reason of the injury or death of the plaintiff's intestate; and that, consequently, neither the Sinclair Oil Company, nor any party other than the plaintiff's intestate has any right to institute suit against the said Southern Railway Company by reason of the injury or death of the plaintiff's intestate.
"6. That any right which the plaintiff has against the Southern Railway Company, by reason of the death of her intestate, arose out of, and *Page 708 
is exclusively controlled by, the Federal Employers' Liability Act; that any right which the plaintiff's intestate has against the Sinclair Oil Company by reason of the things and matters alleged in the complaint arose out of G.S., 28-173, and that the Southern Railway Company and the Sinclair Oil Company could not be joint tort-feasors in reference to the plaintiff's intestate within the meaning of G.S., 1-240."
When the motion of the Southern Railway Company came on for hearing and being heard at time and place named, by consent of all parties, upon pleadings and affidavits appearing in the record, and after argument of counsel, the court finds the following facts: "1. That this action was instituted by the plaintiff, Mrs. Vera L. Wilson, as Administratrix of the Estate of Arthur E. Wilson, deceased, against Shirley L. Massagee and Sinclair Refining Company to recover damages for the alleged wrongful death of plaintiff's intestate, as appears from the complaint herein.
"2. That the original defendants above named, in their answer, set up a cross action against the Shell Oil Company and the Southern Railway Company, as appears in the record herein, and obtained an order of the Clerk dated August 24, 1944, making the said Southern Railway Company and Shell Oil Company parties defendant, and, pursuant to said order, summons was duly issued and served upon said additional defendants, and that the court has jurisdiction of said defendants.
"3. That within thirty days from the date of service of summons upon it, the said Southern Railway Company filed its special appearance and motion as appears in the record.
"4. That the above mentioned order of the Clerk making said additional defendants was entered without notice to said additional defendants.
"5. That at the time of the collision referred to in the complaint herein, and in the cross action of Shirley L. Massagee and Sinclair Refining Company against the Southern Railway Company, this being the time of the injury to the plaintiff's intestate which caused his death, the said plaintiff's intestate was in the employ of the Southern Railway Company as the engineer on the train referred to in the pleadings herein; and that at said time the said Southern Railway Company was engaged, and the plaintiff's intestate was employed, in interstate commerce."
Upon these facts and upon the pleadings, the court being of opinion that Southern Railway Company and original defendants are not joint tort-feasors within the meaning of G.S., 1-240, and consequently that the original defendants had no right to bring in said Southern Railway Company as party defendant herein, entered judgment allowing the *Page 709 
motion of the Southern Railway Company and striking out the order of the clerk making said company a party defendant herein, and dismissing the cross action against it.
The original defendants, Shirley L. Massagee and Sinclair Refining Company, appeal to the Supreme Court and assign error.
The question involved on this appeal, as stated in brief of appellants, is this: "Where plaintiff sues a defendant under G.S., 28-173, alleging that her intestate was killed by the negligence of that defendant, may that defendant join as a joint tort-feasor under G.S., 1-240, a railway company by which the plaintiff's intestate was employed in interstate commerce?"
The court below answered in the negative, and we are of opinion that the answer finds support in law.
The question as stated presupposes, and rightly so from the pleadings,Renn v. R. R., 170 N.C. 128, 86 S.E. 964, that at the time of injury to, and death of intestate of plaintiff, he was employed in the interstate operations of the Southern Railway Company. In the light of this fact, sufficiently appearing upon the face of the pleadings aside from any statement by affidavit, the decision turns upon the answer to this basic question: Are the original defendants, who are liable, if at all, for the death of plaintiff's intestate only by virtue of the State statute, G.S., 28-173, formerly C. S., 160; Revisal, 59, and the Railway Company, which is liable, if at all, for death of plaintiff's intestate exclusively by virtue of the Federal Employers' Liability Act, 45 U.S.C.A., sections 51-59, joint tort-feasors within the meaning of the State statute, G.S., 1-240, formerly C. S., 618, as amended by Public Laws 1929, chapter 68, providing right of contribution? An analysis of these several statutes as construed and applied by the courts indicates a negative answer.
This last statute, as it existed prior to the amendment, provided that: "In all cases in the courts of this State wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof, if one of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the amount due on said judgment, and shall, *Page 710 
at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity."
Thus it appears that in tort actions the right of contribution among judgment debtors for payment of a judgment is limited to those persons or corporations "who are jointly and severally liable for its payment . . . as . . . joint tort-feasors." And the 1929 amendment adds these provisions: "and in the event the judgment was obtained in an action arising out of a joint tort, and only one, or not all of the joint tort-feasors, were made parties defendant, those tort-feasors made parties defendant, and against whom judgment was obtained, may, in an action therefor, enforce contribution from the other joint tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant."
This statute as so amended in pertinent part means that in an action arising out of a joint tort wherein judgment may be rendered against two or more persons or corporations, who are jointly and severally liable, and not all who are so jointly and severally liable as joint tort-feasors have been made parties defendant, those who are sued may at any time before judgment, upon motion, have the other such joint tort-feasors brought in and made parties defendant in order to determine and enforce contribution. Godfreyv. Power Co., 223 N.C. 647, 27 S.E.2d 736; Freeman v. Thompson,216 N.C. 484, 5 S.E.2d 434.
The right of action for such contribution in this State is statutory, "and its use necessarily depends upon the terms of the statute." Godfrey v.Power Co., supra, citing Gaffney v. Casualty Co., 209 N.C. 515,184 S.E. 46. And within the meaning of the statute "common liability to suit must have existed as a condition precedent to contributon." Moreover, as stated in the Godfrey case, supra: "The right to `enforce contribution' in an action like the present comes from the amendment. It is the right of one joint tort-feasor, against whom judgment has been obtained in an action arising out of joint tort, to recover of other joint tort-feasors their proportionate part of such judgment," citing Hoft v.Mohn, 215 N.C. 397, 2 S.E.2d 23. Furthermore, as there stated, the right "is rooted in and springs from the plaintiff's suit." *Page 711 
In this connection, as against the original defendants, the right of plaintiff to sue for the alleged wrongful death of her intestate arose only by virtue of the statute, G.S., 28-173, which provides that, "When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, . . . shall be liable to an action for damages to be brought . . . by the executor, administrator or collector of the decedent. . . . The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, but shall be disposed of as provided in the chapter for the distribution of personal property in cases of intestacy." And it is provided under this section that in all actions brought under it "the dying declarations of the decedent as to the cause of his death shall be admissible in evidence in like manner and under the same rules as dying declarations of the decedent in criminal actions for homicide are now received in evidence."
The right of action given under this statute, G.S., 28-173, did not exist at common law, and rests entirely on the statute. Broadnax v.Broadnax, 160 N.C. 432, 76 S.E. 216; Killian v. R. R., 128 N.C. 261,38 S.E. 873; Bolick v. R. R., 138 N.C. 370, 50 S.E. 689.
On the other hand, as against the Southern Railway Company the right of plaintiff to sue for the alleged wrongful death of her intestate, who at the time of his injury and death was employed in the interstate operations of the Railway Company, arose exclusively under and by virtue of the Federal Employers' Liability Act, 45 U.S.C.A., sections 51-59, which provides that: "Every common carrier by railroad while engaged in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of death of such employee, to his or her personal representative, for the benefit of his surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, bolts, wharves, or other equipment." And it further provides that, "any employee of a carrier, if any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely or substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being *Page 712 
employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."
While before this Federal Employers' Liability Act was passed by Congress the liability of common carriers by railroad engaged in interstate commerce for injuries to, or death of their employees while engaged in such commerce, was governed by the laws of the several States, the Act took possession of the field of liability in such cases and superseded all State laws upon the subject. Mondou v. R. R., 223 U.S. 1, 56 L.Ed., 327,32 S.Ct., 169, 38 L.R.A. (N.S.), 44; Missouri, KTR Co. v. Wulf,226 U.S. 570, 57 L.Ed., 355; St. Louis IMSR Co. v.Craft, 237 U.S. 647, 59 L.Ed., 1160. See also among others these North Carolina cases, Renn v. R. R., supra; Inge v. R. R.,192 N.C. 522, 135 S.E. 522, certiorari
denied R. R. v. Inge, 273 U.S. 753, 71 L.Ed., 874,47 S.Ct., 456; Austin v. R. R., 197 N.C. 319,148 S.E. 446; Candler v. R. R., 197 N.C. 399,149 S.E. 393; Cole v. R. R., 199 N.C. 389, 154 S.E. 682; Pyatt v. R. R.,199 N.C. 397, 154 S.E. 847; Wolfe v. R. R., 199 N.C. 613,155 S.E. 459.
Thus the right of plaintiff to sue the original defendants for damages for the death of her intestate arose upon an entirely separate and distinct statute from that under which her right to sue the railway company arose. The plaintiff has no right, under the Federal Employers' Liability Act, to sue and maintain an action against the original defendants, nor does she have any right, under the State statute giving right of action for wrongful death, to sue and maintain an action against the railway company. Hence, plaintiff did not have a common legal right of action against the original defendants and the Railway Company.
Moreover, the beneficiaries under the two statutes are not the same. Under the State statute the amount recovered, subject to its liability for burial expenses of the deceased, is to be disposed of as provided in the chapter for the distribution of personal property in cases of intestacy. This is so, irrespective of whether the distributees shall have been dependent upon the intestate of plaintiff. Indeed, the recovery may even escheat to the University of the State, Warner v. R. R., 94 N.C. 250. Dependency need not be pleaded, and evidence in that regard is incompetent.Kesler v. Smith, 66 N.C. 154.
On the other hand, the recovery under the Federal Employers' Liability Act is for the benefit of certain designated dependent relatives. And, "By this section if the injury to the employee results in death, his personal representative — while not given any right of action in behalf of the estate — is invested, solely as trustee for the designated survivors, with the right to recover for their benefit such damages as will compensate them for any pecuniary loss which they sustained by the death . . . And if the employee leaves no survivors in any of the classes of *Page 713 
beneficiaries alternately designated, it necessarily follows that the personal representative cannot maintain any action to recover damages for the death, since there is no beneficiary in whose behalf such an action can be brought," Sanford, J., speaking for the United States Supreme Court inLindgren v. United States of America, 281 U.S. 38, 74 L.Ed., 686. Hence, dependency must be pleaded, and proven.
Furthermore, the basis of the recovery under the two statutes is fundamentally different. As stated in Horton v. R. R., 175 N.C. 472,95 S.E. 883, "Under our State statute the damages are based upon the present worth of the net pecuniary value of the life of the deceased. Ward v. R.R., 161 N.C. at 186. Under the United States statute the damages are based upon the pecuniary loss sustained by the beneficiary. R. R. v.Zachary, 232 U.S. 248. Under the State statute the jury assesses the value of the life of the decedent in solido, which is disbursed under the statute of distribution. Under the United States statute, the jury must find as to each plaintiff what pecuniary benefit each plaintiff has reason to expect from the continued life of the deceased, and the recovery must be limited to compensation of those relatives in the proper class who are shown to have sustained such pecuniary loss," citing R. R. v. Vreeland,227 U.S. 59, 57 L.Ed. 417; R. R. v. Dedrickson, 227 U.S. 145,57 L.Ed. 456; R. R. v. McGinnis, 228 U.S. 173, 57 L.Ed., 785;R. R. v. Zachary,232 U.S. 248, 58 L.Ed., 591. Accordingly, the rules of evidence as to damages recoverable are different under the State and the Federal statutes. And the rules of evidence in other respects may be different in actions under the two statutes.
In summary, the intent and purpose of the statute, G.S., 1-240, is to permit a defendant, who has been sued in a tort action, to bring into the action for purpose of enforcing contribution, any joint tort-feasor, against whom the plaintiff could have originally brought suit in the same action. Therefore, since in the present action the liability of the original defendants, and of the Southern Railway Company, if any, to the plaintiff for the death of her intestate while employed in interstate commerce, arises upon separate and distinct statutes, the former under the State statute, and the latter under the Federal statute, there is no common legal liability to suit which is a condition precedent to contribution.Godfrey v. Power Co., supra.
The cases of Lackey v. R. R., 219 N.C. 195, 13 S.E.2d 234, andRailway Co. v. Dowell, 229 U.S. 102, 57 L.Ed., 1090, relied upon by plaintiff, are distinguishable from the present case.
Hence, the judgment below is
Affirmed. *Page 714