J. W. BRYANT, JR. v. ATLANTIC COAST LINE RAILROAD COMPANY (ORIGINAL DEFENDANT), AND WHITE CONSTRUCTION COMPANY (ADDITIONAL DEFENDANT).

(Filed 19 March, 1958)

**Master and Servant § 25a:   Torts § 6—**

An employee injured while engaged in his duties in interstate commerce cannot sue the railroad employer and a third person tort feasor

in the same action, nor may the railroad employer file a cross-action against such third person tort feasor upon allegations of indemnity and primary and secondary liability, since there is no common legal right in the action under the Federal Employers' Liability Act and the right of action against the third person tort feasor.

APPEAL by plaintiff and by defendant, Atlantic Coast Line Railroad Company from *Fountain, S. J.,* at March 1957 Civil Term of EDGE-COMBE.

Civil action to recover for personal injuries.

The original action was begun 19 May, 1956, against defendant, Atlantic Coast Line Railroad Company only, under the Federal Employers' Liability Act to recover damages for personal injuries as proximate result of negligence. On 16 June, 1956, plaintiff was allowed to file an amendment to his complaint so as to bring in as additional defendant White Construction Company, for whom summons was issued and served.

The plaintiff amended complaint by striking all of it, and inserting in lieu thereof an entire complaint, of which these are pertinent allegations:

"5. That as plaintiff is informed and believes, at said time and prior thereto, the defendant, Atlantic Coast Line Railroad Company, was an interstate railroad, engaged in interstate commerce, and using its said property and equipment in interstate commerce subject to the requirements of the Federal Employers' Liability Act.

"6. That on the day in question the weather was somewhat cloudy and a light misty rain had been falling for some time prior to the time that the plaintiff was engaged in switching defendant Atlantic Coast Line Railroad Company's train cars onto the side track belonging to White Construction Company.

"7. That after the plaintiff had switched out and placed certain cars belonging to the defendant railroad onto the side track belonging to White Construction Company and placed a hand brake on the rear car left on the White Construction Company track as required by the defendant railroad, the plaintiff started down the side ladder of the defendant Atlantic Coast Line Railroad Company's train car and the plaintiff's foot was on the second or third grab iron from the bottom when the plaintiff's foot slipped because of some foreign oily, slick substance negligently permitted to be on said grab irons.

"8. That the defendant, Atlantic Coast Line Railroad Company, and the White Construction Company owed the plaintiff the duty to keep the right of way for the side track free of all commodities, rubbish, trash, or other objects which might prove a danger to those engaged in railroad operations on said side track, and the White Construction Company was negligent in leaving near said side track a

car mover, said car mover being a type of pinch or crowbar with a Fulcrum built on the end of it and used by said White Construction Company to pinch cars along the track to the point desired.

"9. That as a result of the negligence of the defendant railroad in allowing said foreign oily, slick substance to be on the grab irons, making it hazardous and unsafe for the plaintiff to go about his employment, the plaintiff's foot slipped and caused him to lose his handhold which caused the plaintiff to fall from the defendant railroad's train car and when plaintiff fell to the ground, the plaintiff's right foot struck a car mover which had been negligently left too near the side track belonging to White Construction Company by the said White Construction Company or its agents or employees, where it was dangerous and constituted a hazard to defendant railroad's employees who were switching defendant railroad's train cars, causing the plaintiff's right foot to turn over when it struck the said car mover.

"10. That as a direct and proximate result of the negligence of the defendant, Atlantic Coast Line Railroad Company, and White Construction Company in not providing the plaintiff with safe equipment and a clear area to work the plaintiff was severely and permanently injured in a manner to be hereinafter described."

Defendant Railroad Company, answering the complaint, denied the material allegations of negligence, and pleaded as a cross-action against defendant White an alleged "side track" or indemnity contract, as follows:

"AND FOR A FURTHER ANSWER AND DEFENSE and by way of CROSS-ACTION against White Construction Company, this defendant says:

"1. On July 14, 1953, said corporation entered into a sidetrack Agreement with this defendant, the original of which will be presented when the same becomes necessary during the trial of this case; but paragraph 8 (e) of said agreement is as follows: 'The Industry agrees to keep the right of way for said sidetrack free of all commodities, rubbish, trash or other objects which may prove a danger to those engaged in the operation of said railroad; and will indemnify the railroad from all claims and demands which may be made against it by reason of any loss, damage or injury growing out of, or caused by the failure of the industry to keep the right of way for said sidetrack free from obstructions and objects as aforesaid.'

"2. White Constrution Company violated the terms of the aforesaid agreement in that it failed to keep the right of way of its sidetrack free of objects which may prove a danger to those engaged in railroad operations on said track; but, to the contrary, left its car mover so close to the track that it constituted a hazard to those so engaged; and, as a result thereof, plaintiff received such injuries as he did re-

ceive. A car mover is a type of pinch or crowbar with a fulcrum built onto the end of it and is used to pinch cars along the track to the point the White Construction Company wished them to be placed.

"3. Under the terms of the aforesaid agreement the White Construction Company undertook to indemnify this defendant against loss arising out of said company's failure to keep said car mover in a safe place. So that, if plaintiff is entitled to recover of this defendant, the liability of this defendant would be secondary to the liability of the White Construction Company."

Defendant White demurred to the complaint of plaintiff, and also to the cross-action of defendant Railroad Company. Upon hearing on these demurrers the presiding judge (1) overruled the demurrer of defendant White to the complaint of plaintiff, and allowed said defendant time to answer or otherwise plead; and (2) sustained the demurrer to the cross-action of defendant Railroad Company—adding, "but this judgment shall not be prejudicial to the rights of the defendant Atlantic Coast Line Railroad Company under its alleged agreement with the defendant White Construction Company so far as future proceedings may be concerned."

To this judgment, the record shows "Atlantic Coast Line Railroad Company, and the White Construction Company excepted," and that "This is plaintiff Bryant's Exception No. 1. This is defendant ACL's Exception No. 1."

Defendant White then answered the complaint, denying any negligence on its part, and setting up as further answer and defense, and as a plea in bar of the plaintiff's alleged cause of action lack of jurisdiction to bring the answering defendant into an action under Federal Employers' Liability Act, intervening negligence of Railroad Company, and contributory negligence of plaintiff.

Defendant White for a fourth answer and defense, and as a cross-action in favor of White Construction Company against its co-defendant, Atlantic Coast Line Railroad Company, averred primary-secondary liability, and asked that appropriate issue be submitted to that effect.

Defendant Railroad Company then answered the cross-action, setting out substantially the same allegations as in its original cross-action against defendant White. White replied to this answer of Railroad Company, pleading as *res judicata* the matter set up in defendant Railroad Company's answer at March Term 1957, when judgment was rendered on White's demurrer.

The cause coming on for hearing, upon the plea in bar of defendant White Construction Company to plaintiff's alleged cause of action, and the court being of opinion that the plea in bar should be allowed, so adjudged and dismissed the action as to defendant White Construc-

tion Company. To this judgment plaintiff and defendant Railroad Company excepted, (Exception No. 2 as to each), and appeal to Supreme Court assigning error.

*Fountain, Fountain, Bridgers & Horton for Plaintiff Appellant*

*M. V. Barnhill, Jr., Leggett & Taylor, F. S. Spruill for ACL RR Company, Appellant.*

*White and Aycock for Defendant Appellee, White Construction Company.*

WINBORNE, C. J.: In the light of contentions set fourth in joint brief of appellants, plaintiff and defendant Atlantic Coast Line Railroad Company, the determinative question raised on this appeal seems to be whether this Court should now reverse its decision rendered in 1944 in the case of *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335. As to this, it is interesting to note that at that time and in that case another railroad was taking opposite position to that now taken in present case. But be that as it may, while we have here a personal injury action, and there a wrongful death case,—and while here plaintiff, having brought his action under Federal Employers' Liability Act against the defendant Railroad Company, and now seeks in same action to recover of White Construction Company under common law, the principle applied in *Wilson v. Massagee, supra,* is the same, and this Court adheres to its decision there.

In that case, *supra,* this Court said: " * * * as against the original defendant, the right of plaintiff to sue for the alleged wrongful death of her intestate arose only by virtue of the statute, G.S. 28-173 * * * The right of action given under this statute, G.S. 28-173, did not exist at common law, and rests entirely on the statute * * *

"On the other hand, as against the Southern Railway Company the right of plaintiff to sue for the alleged wrongful death of her intestate, who at the time of his injury and death was employed in the interstate operations of the Railway Company, arose exclusively under and by virtue of the Federal Employers' Liability Act, 45 USCA, sections 51-59 * * *

"While before this Federal Employers' Liability Act was passed by Congress, the liability of common carriers by railroad engaged in interstate commerce for injuries to, or death of their employees while engaged in such commerce was governed by the laws of the several states, the Act took possession of the field of liability in such cases and superseded all State laws upon the subject (citing cases).

"Thus the right of plaintiff to sue the original defendants for damages for the death of her intestate arose upon an entirely separate and distinct statute from that under which her right to sue the railway company arose. The plaintiff has no right, under the Federal Employers'

Liability Act, to sue and maintain an action against the original defendants. Nor does she have any right, under the State statute giving right of action for wrongful death, to sue and maintain an action against the railway company. Hence, plaintiff did not have a common legal right of action against the original defendants and the railway company."

It is noted that the court reserved to defendant Railroad Company rights under its alleged agreement with White Construction Company "so far as future proceedings may be concerned."

For reasons stated the judgment from which appeal is taken is

Affirmed.