NANCY D. SQUIRES v. LOUIS W. SORAHAN, SOUTHERN AUTO PARTS, INC., CITY MOTORS OF DURHAM, INC., AND EDWARD S. MASSENGILL, D/B/A DURHAM MOTOR SALES.

(Filed 18 May, 1960.)

**Judgments § 46: Torts § 6—**

> Where the insurance carrier of one joint tort-feasor pays the balance due on the tort judgment and has it assigned to a trustee for the insured, the carrier has no right of contribution under G.S. 1-240 against other joint tort-feasors. The carrier's right arises under the subrogation provision of the insurance contract.

APPEAL from *Preyer, J.*, March 14, 1960 Regular Civil Term, GUILFORD Superior Court (Greensboro Division).

Petition and motion under G.S. 1-240 by Southern Auto Parts and Textile Insurance Company to have the court "enter judgment declaring the proportionate part each judgment debtor shall pay in this action." At the March Term, 1958, the plaintiff, Nancy Squires, obtained a judgment for $17,500 against Louis W. Sorahan, Southern Auto Parts, Inc., City Motors of Durham, Inc., and Edward S. Massengill, d/b/a Durham Motor Sales. Upon failure of the defendants

to satisfy the judgment, the plaintiff brought an action against Textile Insurance Company under its policy to indemnify Southern Auto Parts, Inc., against its liability not in excess of $25,000.

Further facts pertinent to this appeal are stated in *Squires v. Insurance Co.*, 250 N.C. 580, 108 S.E. 2d 908. That action established the liability of Textile Insurance Company to the plaintiff. At the trial Textile was permitted, without objection, to introduce a policy Nationwide Insurance Company issued to indemnify City Motors of Durham, Inc., against liability not to exceed $5,000.

On October 1, 1958, Nationwide Insurance Company paid on behalf of City Motors of Durham, Inc., $2,999.28, being one-sixth of the amount due on the plaintiff's judgment. On August 10, 1959, "Textile Insurance Company on behalf of Southern Auto Parts, Inc.," paid to the plaintiff's attorney the sum of $15,752.46, balance due on the judgment. The plaintiff's attorney transferred without recourse the amount paid on the judgment "to C. Theodore Leonard, Trustee, for the benefit of Southern Auto Parts, Inc., under the provisions of G.S. 1-240." The motion in this cause alleges the insurer shall be subrogated to all the rights of the insured to the extent of payments made by the former for the latter's benefit; and that the insured shall execute and deliver all instruments necessary to secure such rights. After hearing, Judge Preyer entered judgment denying the motion. The petitioner appealed.

*Smith, Moore, Smith, Schell & Hunter, By: Richmond G. Bernhardt, Jr., for petitioners, Southern Auto Parts, Inc., and Textile Insurance Co., appellants.*

*Booth & Osteen, By: Fred M. Upchurch, for respondents, City Motors of Durham, Inc., and Edward S. Massengill, D/B/A Durham Motor Sales, appellees.*

HIGGINS, J.    The record discloses Nationwide Insurance Company, under its policy of $5,000, paid for its insured, City Motors of Durham, one-sixth of the plaintiff's judgment. The judgment (to the extent of that payment) was not assigned. Textile Insurance Company, under its policy of $25,000, paid for its insured, Southern Auto Parts, Inc., five-sixths of the plaintiff's judgment. The judgment, to the extent of that payment, was assigned without recourse to a trustee for Southern Auto Parts, Inc.

If contribution is made, obviously the payment goes to Textile Insurance Company. It was not a party to the tort. Its rights after payment are entirely contractual. They arise under the subrogation clause

of the policy. Prior to 1929 contribution between joint tort-feasors could not be enforced. Provision for enforcement must be in accordance with G.S. 1-240. *Bargeon v. Transportation Co.*, 196 N.C. 776, 147 S.E. 299; *Godfrey v. Tidewater Power Co.*, 223 N.C. 647, 27 S.E. 2d 736; *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335, 156 A.L.R. 922; *Norris v. Johnson*, 246 N.C. 179, 97 S.E. 2d 773. "Joint tort-feasors are those who act together in committing a wrong, or whose acts, if independent of each other, unite in causing a single injury." *White v. Keller*, 242 N.C. 97, 86 S.E. 2d 795.

The insurance carrier of one joint tort-feasor cannot enforce contribution under G.S. 1-240. *Potter v. Frosty Morn Meats, Inc.*, 242 N.C. 67, 86 S.E. 2d 780. "A most liberal construction of the statute will not permit the writing into it of the liability insurance carrier of tort-feasors when only tort-feasors and judgment debtors are mentioned therein." *Gaffney v. Casualty Co.*, 209 N.C. 515, 184 S.E. 46; *Casualty Co. v. Guaranty Co.*, 211 N.C. 13, 188 S.E. 634; *Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269; *Hobbs v. Goodman*, 240 N.C. 192, 81 S.E. 2d 413; *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673. It may be noted that *Jordan v. Blackwelder*, 250 N.C. 189, 108 S.E. 2d 429, is not in conflict. The payment of medical bills there involved was applied by the court under a stipulation of the parties.

The insurance carrier who pays a joint tort-feasor's obligations to the injured party cannot force contribution from other tort-feasors. G.S. 1-240, as interpreted by the many decisions of this Court, cannot be stretched to include subrogation, which arises by reason of contract, into contribution, which arises by reason of participation in the tort.

The judgment of the Superior Court of Guilford County is

Affirmed.