LYNDA JOYCE PITTMAN BY HER NEXT FRIEND, SAM L. PITTMAN, JR. v.
MUNSON RAY SNEDEKER, ORIGINAL DEFENDANT, ISA W. PITTMAN,
ADDITIONAL DEFENDANT.

(Filed 17 March, 1965.)

**1. Appeal and Error § 22—**

An exception to the failure of the court to find certain facts is unten-
able when appellant fails to introduce evidence in the record which would
sustain such findings.

**2. Insurance § 66.1—**

An insurer compensating its insured for loss sustained by the wrong of
a third person is subrogated to the rights of insured against such third
person.

**3. Same;   Judgments § 47;   Torts § 4—**

The fact that insurer for the original defendant pays plaintiff's judg-
ment against its insured, and plaintiff's judgment is marked paid and satis-
fied, does not extinguish or affect the judgment in favor of the original
defendant against the additional defendant for contribution, G.S. 1-240, and
if the additional defendant does not pay same, the original defendant is en-
titled to enforce the judgment by issuance of execution.

APPEAL by additional defendant, Isa W. Pittman, from *Morris, J.,*
November-December 1964 Session of CRAVEN.

This is an appeal from an order refusing to enjoin collection of a
judgment rendered in May 1963 in favor of *Munson Ray Snedeker v.
Isa W. Pittman.*

The parties waived a jury trial. Judge Morris found these facts:
Plaintiff, a minor, was injured when an automobile operated by Isa W.
Pittman and an automobile operated by defendant Snedeker collided.

Plaintiff instituted suit against Snedeker to recover compensation for
the injuries she sustained in the collision. He denied liability. He stated
a cross action against Mrs. Isa W. Pittman, operator of the other auto-
mobile, as a tort feasor. She was made a party.

When tried in May 1963, the jury found plaintiff was injured by
the negligence of defendant Snedeker. It fixed the amount of plaintiff's
damage. It found plaintiff was injured "by the concurrent negligence
of defendant Isa W. Pittman, as alleged in the answer of Munson Ray
Snedeker."

Based on the jury's verdict, judgment was entered in favor of plain-
tiff, and against defendant Snedeker. The judgment further provided
"that the defendant, Munson Ray Snedeker, upon the payment of said
judgment and costs shall have and recover of the defendant, Isa W.
Pittman one half of any sums recovered of the defendant, Munson
Ray Snedeker by reason of this judgment, and one-half of the cost of

the court by way of contribution as provided in G.S. 1-240." The amount owing plaintiff was paid to the Clerk. He noted on the judgment docket satisfaction of plaintiff's judgment.

Thereafter, counsel for defendant Snedeker caused execution to issue against Isa W. Pittman for one-half of the sum paid in satisfaction of plaintiff's judgment. Mrs. Pittman sought to enjoin collection of the execution. She alleged the judgment in plaintiff's favor had not been assigned. It had been marked "paid and satisfied." The payment to the Clerk was made by Snedeker's liability insurance carrier — Snedeker in fact paid nothing.

The court found United Services Automobile Association, Snedeker's liability insurance carrier, furnished the money to pay plaintiff.

Based on the findings, the court concluded: "That the original defendant, Snedeker, is entitled to have execution issued for one-half the aforesaid judgment and court costs, to wit: $4,500.00 plus one-half the costs." It refused to enjoin collection. Additional defendant excepted and appealed.

*David S. Henderson for appellant.*
*Barden, Stith, McCotter & Sugg for defendant appellee.*

RODMAN, J.  Appellant assigns as error the failure of the court to find that the policy of insurance issued by the United Services Association to Snedeker obligated it to:  (a)  defend suits brought against its insured for damages resulting from the negligent use of his automobile;  (b)  to pay, not in excess of its policy limits, any judgment rendered against its insured; and  (c)  the insurance company, on payment, would be subrogated to the rights of the insured.

A sufficient answer to this assignment of error is the failure of appellant to include in her evidence the policy issued to Snedeker. Since the policy was not offered in evidence, Judge Morris could not know what its provisions were, and could not make any findings with respect thereto. Manifestly, this assignment cannot be sustained. Nonetheless, the failure to make the finding has not prejudiced appellant. More than half a century ago, this Court expressly declared that where an insurer compensates its insured for loss sustained by the wrong of another, he is subrogated to all of the rights of its insured. *Cunningham v. R. R.*, 139 N.C. 427, 51 S.E. 1029. The conclusion then reached has been reaffirmed in multitudinous subsequent cases. *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231; *Lyon & Sons v. Board of Education*, 238 N.C. 24, 76 S.E. 2d 553; *Insurance Co. v. Trucking Co.*, 256 N.C. 721, 125 S.E. 2d 25; *Phillips v. Alston*, 257 N.C. 255, 125 S.E. 2d

580; *Jewell v. Price,* 259 N.C. 345, 130 S.E. 2d 668; *Insurance Co. v. Spivey,* 259 N.C. 732, 131 S.E. 2d 338.

The right of subrogation, or substitution of the insurer for the insured, does not take place until the insurer has complied with its obligation and made payment to its insured. *Liles v. Rogers,* 113 N.C. 197, 18 S.E. 104.

Appellant's other assignments of error are based on the contention that Snedeker's insurance carrier is seeking contribution from a joint tort feasor; this right arises only by virtue of our statute, G.S. 1-240; the statute does not permit a tort feasor's subrogee to maintain an action for contribution. She relies on *Casualty Co. v. Guaranty Co.,* 211 N.C. 13, 188 S.E. 634, and *Herring v. Jackson,* 255 N.C. 537, 122 S.E. 2d 366, to support her position.

Joint tort feasors were not, at common law, entitled to contribution. *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833; *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183. That right has now been accorded by statute, G.S. 1-240; but under our decisions, it is a personal right. It is not one that can be assigned or transferred by operation of law under the doctrine of subrogation. That is the holding in *Herring v. Jackson, supra; Squires v. Sorahan,* 252 N.C. 589, 114 S.E. 2d 277; *Casualty Co. v. Guaranty Co., supra,* and like cases.

Appellant ignores the factual differences between the cases on which she relies and the present case. The difference is vital. In *Herring v. Jackson, supra,* Herring's insurance carrier, the real party in interest, caused an action to be instituted against Jackson to enforce the asserted right of contribution which G.S. 1-240 accords joint tort feasors. It was held the action could not be maintained in Herring's name because he was not the real party in interest, nor in the name of the insurance carrier because the statute limited the right to maintain such actions to tort feasors. It is not an assignable cause of action.

In *Casualty Co. v. Guaranty Co., supra,* plaintiff, a subrogee, sought to recover from the liability insurance carrier of a tort feasor.

Here, plaintiff sued Snedeker for $25,000. Snedeker had insurance protection for $10,000. He could not compel plaintiff to sue the additional defendant, plaintiff's grandmother, with whom plaintiff was riding. Since plaintiff elected to sue Snedeker alone, no judgment could be rendered in her favor against Mrs. Pittman. *Bell v. Lacey, supra; Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773. But plaintiff, exercising her prerogative to sue Snedeker alone, could not deprive him of the right accorded by statute to have his joint tort feasor made a party, and her liability to Snedeker determined.

The verdict and judgment rendered in May 1963 settled the question of contribution. The court properly decreed that Snedeker, upon payment of plaintiff's judgment, recover of the defendant, Isa W. Pittman, one-half of the amount paid plaintiff.

The cancellation of plaintiff's judgment against Snedeker established the additional defendant's liability. An assignment of the judgment obtained by plaintiff was not necessary to impose liability on the additional defendant. The moment plaintiff's judgment was satisfied Mrs. Pittman became a judgment debtor. Her liability as a tort feasor merged in the judgment.

There has been no cancellation of the judgment for which appellant is liable. She makes no claim that she has paid the debt which a court of competent jurisdiction has solemnly declared she owes. She seeks to escape her obligation because an insurance company made the payment as required by its contract with the original defendant. The insurance company was not a volunteer. If Snedeker had borrowed the money from someone under no obligation to make a loan, and, as security for the loan, assigned his judgment in favor of the additional defendant, no one would question the right of the assignee to enforce the judgment against the additional defendant. No sound reason appears why the insurance carrier should be penalized for performing its contractual obligation.

Mrs. Pittman can, by paying the amount for which she is liable to the Clerk, have the judgment against her cancelled, G.S. 1-239. If she elects not to pay, the judgment may be enforced by execution issuing thereon. *Jones v. Franklin Estate,* 209 N.C. 585, 183 S.E. 732; *Peebles v. Gay,* 115 N.C. 38, 20 S.E. 173; *Hanner v. Douglass,* 57 N.C. 262; *Connely v. Bourg,* 79 Am. Dec. 568; *Sprigg v. Beaman,* 6 La. 59; *Garvin v. Garvin,* 4 S.E. 148; 2 Freeman on Judgments (5th Ed.) § 1059.

Affirmed.