CAROLINA COACH COMPANY, a Corporation, Appellee,

v.

Allan L. COX, Appellant.

No. 9342.

United States Court of Appeals Fourth Circuit.

Argued April 29, 1964.

Decided Sept. 22, 1964.

**102**

John H. Anderson, Jr., Raleigh, N. C. (Oscar Leach; and Smith, Leach, Anderson & Dorsett, Raleigh, N. C., on brief), for appellant.

Armistead J. Maupin and William W. Taylor, Jr., Raleigh, N. C. (Maupin, Taylor & Ellis, Raleigh, N. C., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

Carolina Coach Company hereafter called the plaintiff seeks to recover contribution from the defendant appellants, hereafter called the defendants or defendant, for one half of the amount paid by the plaintiff in actions against it by passengers who were injured when the bus of the plaintiff was in collision with an automobile operated by the defendant, Allan L. Cox. The trial court dismissed the defendant, John E. Cox. From that action of the court there was no appeal. The court found Allan L. Cox guilty of negligence and awarded judgment in the sum of $12,750. This appeal is from that judgment.

The collision occurred in Greene County, North Carolina October 25, 1954.

The defendant, Allan L. Cox, a Marine stationed at Camp Lejeune, North Carolina, with several Marine campanions was returning to Camp Lejeune from a trip to Springfield, Massachusetts. The defendant and his party had left Camp Lejeune on Friday afternoon and the collision occurred on Monday morning at about 3 o'clock. The defendant had driven from Petersburg, Virginia and at the point of collision had stopped or had nearly stopped his car with all four wheels on the hard surfaced portion of the highway in the southbound lane of traffic for the purpose of changing drivers. Plaintiff's bus, also proceeding southward, approached around a right hand curve approximately a half mile in length and ran into the rear end of the automobile. There was a shoulder on the right side of the southbound traffic lane the width of which was estimated to be from 6 to 12 feet but the evidence as to the width was inconclusive and the court declined to find that the shoulder was adequate for the bus to pass the automobile on its right nor was there a finding that defendant could have stopped on the shoulder. The defendant testified that he was wide awake and alert and could have continued driving but until the moment of the impact he was completely unaware of the presence of the lighted bus approaching from the rear. He did not observe the headlights of the bus on the highway which was straight and nearly level from 500 to 700 feet to the rear. He failed to signal his intention to stop. His vehicle was not disabled. He could have seen the bus and could have proceeded down the highway to stop at a place of safety if that was necessary.

Subsequently, one of the passengers in the Cox automobile sued the plaintiff in a New York State Court. The action was settled for $50,000 by the entry of a consent judgment against plaintiff.

One of the passengers in the bus sued the plaintiff in a State Court in Virginia. That action was settled by the entry of a consent judgment in the amount of $22,500.

Both judgments were paid as will be hereafter discussed and this is an action to recover contribution in the amount of one half of the liability incurred by the plaintiff.

The defendant contends:

(1) That the right of contribution under North Carolina General Statutes § 1–105 providing for service of process upon non-resident drivers in an action "growing out of any * * * collision on a highway in this state" does not apply to an action against an alleged joint tort-feasor based upon judgments entered in courts of other states.

(2) That General Statutes § 1–240 providing for contribution by joint tort-feasors does not apply to judgments entered in courts of other states by consent and which have been paid and extinguished.

(3) The judgments were paid by insurance carriers and plaintiff has shown no right of recovery.

(4) The defendant was not guilty of actionable negligence.

General Statutes § 1–105 provides in substance that the operation of a motor vehicle by a non-resident of North Carolina on the public highways of the state shall be deemed equivalent to the appointment of the Commissioner of Motor Vehicles of North Carolina as his attorney upon whom may be served a summons or other lawful process in any action against such non-resident growing out of any accident or collision in which he may be involved.

 There can be no doubt that the present action grows out of a joint tort within the purview of the Statute. By the very nature of the case this is true. The judgments obtained against the plaintiff were to recover damages for injuries sustained in the collision. This action is founded upon those judgments. There was no other ground from which they could grow.

 An examination of General Statutes § 1–240 disposes of the second contention of the defendant. He contends that the Statute providing for contribution is limited to those cases in which judgment has been rendered in the courts of the State of North Carolina. The first portion of that Statute provides machinery for keeping in effect a judgment obtained in the Courts of North Carolina against two or more joint tort-feasors which had not been paid by all those bound, by each paying his proportionate part. The Statute further confers upon joint tort-feasors against whom a judgment has been obtained the right to enforce contribution from those joint tort-feasors who were not sued in such action.

While no North Carolina case on this point has been cited we see nothing in General Statutes § 1–240 to sustain the appellant Cox's argument that this statute does not extend its right of contribution to foreign judgments.

While the statute makes no reference to consent judgments it cannot successfully be contended that a consent judgment is not binding upon the parties thereto in the absence of fraud, which has not been suggested in this case, and we find no merit in this contention of the defendant. See Herring v. Queen City Coach Company, 234 N.C. 51, 65 S.E.2d 505; Snyder v. Kenan Oil Company, 235 N.C. 119, 68 S.E.2d 805.

As before indicated the judgments in New York and Virginia have been paid and the defendant contends that since insurance carriers were involved the plaintiff is not the real party in interest and under the North Carolina cases an insurance company which pays a judgment has no right to enforce contribution against other joint tort-feasors. Herring v. Jackson, 255 N.C. 537, 122 S.E.2d 366; Squires v. Sorahan, 252 N.C. 589, 114 S.E.2d 277.

 From the record it is clear that the cases cited do not apply to the facts of this case. Under the policy of the insurance carrier the plaintiff was insured with limits of $25,000 for any one person injured and $100,000 for any one collision. The policy provided that upon payment by the insurance company of any amount the plaintiff should reim-

burse the company to the extent of one and one half times the amount paid up to the limit of one and one half times a maximum of $20,000 so paid. The total of the judgments was $72,500. Therefore, the plaintiff was obligated to reimburse the insurance company in the amount of $30,000, that being one and one half times the sum of $20,000. The plaintiff actually paid this amount to the insurance company. However, under the policy the plaintiff received from the company a dividend of 15% amounting to $4500. That sum deducted from the total of $30,000 left the plaintiff with a direct net loss of $25,500. In that loss the insurance company has no interest in any recovery by the plaintiff. It follows that the plaintiff's recovery against the defendant is limited to $12,750.

From the summary of the facts heretofore recited, it is clear that there was sufficient evidence of negligence on the part of Cox, the driver of the automobile, to justify the trial court in returning a verdict of negligence on his part. The automobile had stopped or was in the act of stopping upon the travelled portion of the highway. He had given no signal of such intention and had failed to see the headlights of the approaching bus although a glance into the rear view mirror of necessity would have warned him of such lights. There was no emergency requiring him to stop. He could have pulled off to the shoulder of the road or if he believed the shoulder inadequate at that point he could have proceeded until reaching an appropriate place to stop off the highway. See G.S. §§ 20–141, 20–154 and 20–161.

We find no error in the judgment of the trial court and the case is affirmed.

Affirmed.