The judgment is reversed and the cause remanded for a new trial.

RITA YOUNG, PLAINTIFF, v. JULIUS STEINBERG AND COSMO BOOK DISTRIBUTING CO., DEFENDANTS.

WARREN W. STEINBERG, DEFENDANT-APPELLANT, v. CAROLINE MAGLE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 19, 1968—Decided May 1, 1968.

Before Judges SULLIVAN, FOLEY and LEONARD.

*Mr. William T. McElroy* argued the cause for defendant-appellant (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys; *Sonia Napolitano,* on the brief).

*Mr. John J. Gaffey* argued the cause for defendant-respondent (*Messrs. Gaffey, Webb & McDermott,* attorneys).

The opinion of the court was delivered by

SULLIVAN, S. J. A. D. Defendant Warren W. Steinberg (Steinberg) appeals from an order of the trial court dismissing his cross-claim against defendant Caroline Magle

(Magle) for contribution under the Joint Tortfeasors Contribution Law.

The appeal is presented under an agreed statement of the case as follows:

The present appeal has its foundation in an automobile accident which occurred January 13, 1964 on Walnut Street in Livingston, New Jersey. The issue presented is a purely legal one, and the facts which give rise to it are completely undisputed. Many of the facts involve the circumstances in which the plaintiff's case was disposed of and, therefore, do not appear as a matter of record. The facts contained in this Statement of the Case have been agreed to by and between counsel for the appellant and counsel for the respondent as representing what truly occurred during the transaction which resulted in this appeal.

The accident occurred during a snowstorm. The plaintiff Rita Young was a passenger in an automobile operated by her sister Caroline M. Magle, which automobile was proceeding south on Walnut Street. This vehicle was in collision with a motor vehicle operated by defendant Warren W. Steinberg and owned by Julius Steinberg, which vehicle had been proceeding north on the same road. The defendant Cosmo Book Distributing Company was the employer of defendant Warren W. Steinberg, and plaintiff asserted that the Steinberg vehicle was being used on its business at the time of the accident.

As a result of these negotiations, in which all counsel participated, plaintiff, through her attorney, agreed to accept the sum of $50,000.00 in full settlement of her claims. The carrier for the defendant Caroline M. Magle refused to contribute to this figure, and the carrier for the defendants W. Steinberg and Cosmo Book Distributing Company thereupon settled the case with plaintiff and her attorney for the above figure. Thereafter, the court was advised by William T. McElroy, Esq. and Fred A. Napolitano, Esq. that the defendants Warren W. Steinberg and Cosmo Book Distributing Co., having amicably settled their differences with the plaintiff, a Release would be given by plaintiff to defendants Warren W. Steinberg and Cosmo Book Distributing Co. in consideration of the payment of $50,000.00; that the Release would contain language reserving the rights of releasees against defendant Caroline M. Magle. Plaintiff's attorney stated to the court that he was dismissing his action with prejudice as to the defendants Caroline M. Magle and Julius Steinberg. The attorney for the defendant Warren W. Steinberg stated to the court that he desired to proceed on his crossclaim for contribution as well as on crossclaim of Cosmo Book Distributing Co. against Caroline M. Magle as a joint tortfeasor. The court was advised that while the Release given by the plaintiff to Warren W. Steinberg would also include the defendant Cosmo Book Distributing Co., in fact, Cosmo was not contributing to the settlement. Whereupon the

court, on motion of attorney for defendant Magle, directed that further participation on behalf of Cosmo, by its attorney, was not necessary. Thereupon, the attorney for Cosmo Book Distributing Co. withdrew from the case. A motion was then made by the attorney for defendant Caroline M. Magle to dismiss the crossclaims of the defendants Warren W. Steinberg and Cosmo Book Distributing Co. against defendant Magle under the Joint Tortfeasors Act based upon the aforesaid settlement announced to the court by its attorney. This motion was argued before the court by the respective attorneys for the parties and at the conclusion thereof, the attorney for Warren W. Steinberg and Cosmo Book Distributing Co. requested an adjournment for a short period of time in order that he could procure the attendance in court of the attorney for the plaintiff so that a consent judgment in the sum of $50,000.00, without costs, could be entered upon the records of the court in favor of the plaintiff and against the defendants Warren W. Steinberg and Cosmo Book Distributing Co. The court granted this request over objection of attorney for defendant Magle.

Shortly thereafter, and on that same day, the attorney for the plaintiff and Mr. McElroy, representing the defendants Warren W. Steinberg and Cosmo Book Distributing Co., entered upon the records of this court a consent judgment in favor of the plaintiff and against the said defendants in the sum of $50,000.00, without costs. The aforesaid motion of the attorney for the defendant Magle was renewed and decision reserved by the court. Thereafter, a new jury was empaneled and a trial conducted (over objection of attorney for defendant Magle) on the issue of whether or not the defendant Magle was a joint tortfeasor with Warren Steinberg and Cosmo with respect to the accident involving the plaintiff Young. This jury returned a verdict finding that the defendant Magle was such a joint tortfeasor. Thereafter, the motion of the attorney for the defendant Magle aforementioned to dismiss the crossclaims of the defendants Warren W. Steinberg and Cosmo Book Distributing Co. under the Joint Tortfeasors Act was reviewed, decision reserved and briefs submitted to the court.

Argument on the motion was heard by the court on March 9, 1967 and after consideration of same and the briefs of counsel, the court granted the motion of the defendant Magle to dismiss the crossclaim for contribution under the Joint Tortfeasors Act asserted by the defendants Warren W. Steinberg and Cosmo Book Distributing Co.

The second count of the crossclaims by Julius Steinberg was dismissed at the request of Mr. McElroy.

The consent judgment was paid by or on behalf of Warren Steinberg and Warrant for satisfaction thereof filed with the clerk of the court.

(The consent judgment for $50,000 in favor of plaintiff and against defendants Steinberg and Cosmo Book Distributing Co. also dismissed with prejudice the cause of action asserted by plaintiff against defendant Magle.)"

Following oral argument on the appeal, counsel, by agreement, submitted a partial transcript of the aforesaid proceedings to the court. The transcript shows that the trial of appellant's cross-claim against Magle for contribution was commenced shortly after the settlement of plaintiff's claim was announced. (The cross-claim also included a count for property damage, not involved in this appeal.) On the following morning, during the course of the trial of the cross-claim, counsel for Magle made his motion to dismiss, after which the consent judgment in favor of plaintiff was entered.

The transcript also shows that just prior to the commencement of the trial on the cross-claim, counsel for Magle refused to stipulate that the settlement was fair and reasonable in amount. During the colloquy the trial judge ruled that the only issue to be submitted to the jury would be liability, and the question of reasonableness and fairness of the amount of the settlement would be determined by the court. This latter question was never decided by the trial court, apparently because of its ruling that no basis for contribution existed.

The issue is whether Steinberg, by virtue of the consent judgment, has standing to claim contribution. This involves the construction of the Joint Tortfeasors Contribution Law, *N. J. S. 2A:53A-1 et seq.*, and particularly *section* 3 thereof which provides as follows:

"2A:53A-3. Judgment against joint tortfeasor; contribution
Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage *recovers a money judgment* or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share. * * *" (Emphasis added)

Specifically, the issue is whether a consent judgment against a paying tortfeasor, entered into as the result of a

settlement between plaintiff and such tortfeasor, which judgment discharges the liability of another tortfeasor, satisfies the statutory requirements of the recovery of a money judgment under *section 3, supra,* and entitles the settling tortfeasor to recover contribution from the other tortfeasor.

The argument made by appellant Steinberg is that by virtue of the consent judgment he has settled plaintiff's entire claim against all tortfeasors, and that the settlement has resulted in a judgment of dismissal with prejudice in favor of defendant Magle as to plaintiff's claim. On this basis Steinberg contends that it is only fair that Magle be required to contribute her *pro rata* share of the settlement if she be found to be a joint tortfeasor.

This argument is not without some merit. Under the Uniform Contribution Among Tortfeasors Act (both the original 1939 act and the 1955 revised act) contribution is not bottomed on recovery of a judgment. A settling tortfeasor is entitled to contribution from other joint tortfeasors if the settlement extinguishes such joint tortfeasors' liability for the claim, but contribution may not be had in respect to any amount paid which is in excess of what is reasonable. (1955 revised act, § 1(d)). A similar result has been reached in some jurisdictions which have interpreted the statutory requirement of a "judgment" to encompass a consent judgment entered on settlement. *Carolina Coach Co. v. Cox,* 337 *F. 2d* 101 (4 *Cir.* 1964); *Callihan Interests, Inc. v. Duffield,* 385 *S. W. 2d* 586 (*Tex. Civ. App.* 1964).

In New Jersey, when our act was adopted in 1952, the Legislature omitted any reference to a right of contribution based on a settlement. Rather, application of the act is limited to a situation where the person suffering injury or damage "recovers a money judgment." A tortfeasor who pays such judgment in whole or in part may then recover contribution from other joint tortfeasors for the excess paid over his *pro rata* share.

The precise issue of whether a consent judgment entered on a settlement comes within the purview of the act

has never been squarely considered in this State. In *Pennsylvania Greyhound Lines v. Rosenthal*, 14 *N. J.* 372, 383 (1954), the court stated that our act did not provide for contribution where the payment was made in fulfillment of a voluntary compromise or settlement. *In Theobold v. Angelos*, 44 *N. J.* 228 (1965), Chief Justice Weintraub, referring to a Pennsylvania case, decided under that state's contribution statute, said:

"We do not cite this case to hold that our statute authorizes an action for contribution by a tortfeasor who pays under an agreement of settlement rather than a judgment." (at *p.* 240)

In *Nilson v. Moskal*, 70 *N. J. Super.* 389 (*Cty. Ct.* 1961), the trial judge held that a settlement extinguishes any basis for contribution under the New Jersey act. By way of *dictum* the court also reasoned that putting the settlement in the form of a consent judgment would not give the settling tortfeasor status to seek contribution since "a litigated adversary proceeding in good faith leading to a judgment is undoubtedly essential to establish the right to contribution." (at *p.* 396).

We are not unmindful that the original settlement between plaintiff and Steinberg, as announced to the trial court, did not contemplate the entry of a consent judgment. It was not until defendant Magle moved to dismiss Steinberg's cross-claim for contribution that the idea of a consent judgment was conceived. Admittedly, the consent judgment was an after thought, its sole purpose being to attempt to qualify Steinberg to seek contribution under the act.

However, beyond the "afterthought" aspect of the judgment herein, we conclude that entering a consent judgment is not the recovery of a judgment within the meaning and scope of our present act since the amount of the judgment is fixed, not by jury verdict, but by agreement between plaintiff and the settling tortfeasor. The legislative intent would appear to encompass only a judgment entered in a true adversary proceeding.

There does not appear to be much dispute but that the original settlement announced to the trial court (without entry of a consent judgment) did not give appellant standing to seek contribution under the act, even though he settled plaintiff's entire claim for damages and caused plaintiff's claim against Magle to be discharged. We do not see how putting the same settlement in the form of a consent judgment changed the basic situation.

Appellant suggests that in the trial of the claim for contribution the jury could decide not only the issue of joint liability, but also pass upon the reasonableness of the amount of the settlement. There are too many practical difficulties involved to make this feasible. This would appear to be the reason why the Legislature excluded settlements from the scope of the act.

Affirmed.

FOLEY, J. A. D. (dissenting). I disagree with the majority's basic holding that the consent judgment here involved did not constitute the recovery of a money judgment under section 3 of the Joint Tortfeasors Contribution Law (*N. J. S. 2A:53A–3*) because in my view such determination restricts the plain wording of the enactment and tends to defeat its purpose.

The policy of the Joint Tortfeasors Contribution Law is stated in *N. J. S. 2A:53A–2*:

"The right of contribution exists among joint tortfeasors."

It was designed to correct the "obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone * * *." *Kennedy v. Camp*, 14 *N. J.* 390, 400 (1954). Obviously, the law is remedial and should be broadly construed to effectuate its purpose. See *Fruch v. Kupper*, 54 *N. J. Super.* 296 (*Law Div.* 1959).

Having in mind the mischief the Legislature sought to remedy, I can see no valid reason for, in effect, reading into the law a legislative intention that the recovery of a money judgment entered by consent and resulting from a settlement, could not be made the basis of an action for contribution where, as here, there was a jury finding that the parties before us were joint tortfeasors and the noncontributing tortfeasor has the opportunity to contest the reasonableness of the amount of the judgment.

In this case defendant tortfeasor Magle has not by formal proceeding challenged the reasonableness of the amount for which judgment was entered. She should be permitted to do so. If, as a result of a proceeding initiated by her, the money judgment is found to be reasonable in amount, I would enter judgment for Warren W. Steinberg on his cross-claim. If not, judgment should be entered for such sum as represents Magle's *pro rata* share of what is determined to be reasonable compensation for the plaintiff's injuries.

I would reverse and remand for proceedings and disposition not inconsistent with this opinion.